In re NEWMAN.

Ex parte COFFEY et al.

(Circuit Court of Appeals, Second Circuit. February 15, 1927.)

No. 314.

1. Courts ⬲493(1)—Court first assuming jurisdiction of property may protect it from subsequent litigation.

Court first assuming jurisdiction of property may protect it from subsequent litigation, which may affect or assume to affect its title.

2. Bankruptcy ⬲391(3⅜)—State court suit to enjoin alleged bankrupt carrying out advertising plan will be enjoined, to permit bankruptcy trustee to intervene.

Suit in state court to enjoin alleged bankrupt from proceeding with carrying out advertising plan in which plaintiff claimed copyright, commenced after petition was filed and receiver appointed, will be enjoined, until bankruptcy proceedings are determined, to permit bankruptcy trustee to intervene to protect interests of estate, though alleged bankrupt desires to proceed to trial, where receiver claims that decree against alleged bankrupt in state court will prejudice estate.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Harry M. Newman, alleged bankrupt, in which William S. Coffey was appointed as receiver in bankruptcy. From an order denying a rule nisi for an order enjoining alleged bankrupt from proceeding with a suit in the state court, commenced after petition in bankruptcy was filed and receiver appointed, R. S. Brosius and others appeal. Reversed and remanded, with directions.

On appeal from an order of the District Court for the Southern District of New York, discharging a rule nisi procured by the receiver in bankruptcy of Harry M. Newman, alleged bankrupt. The rule nisi was for an order enjoining the bankrupt from proceeding in a suit in the Supreme Court of the state of New York in which the Arctic Circle Corporation is plaintiff and the alleged bankrupt is defendant. This suit was commenced after the petition in bankruptcy was filed and the receiver appointed.

Newman claims to be the discoverer and owner of an advertising plan under which department stores do their Christmas selling. He has a contract with one Lomen to send reindeer to New York, which are to be sold or let to the stores, as a means of stimulating buyers under this "Christmas plan." The Arctic Circle Corporation is the assignee of the rights of Van Patten, Inc., and sues Newman to enjoin him from proceeding under his "plan," alleging that he procured the idea from Van Patten, Inc., and while in its employ; that Van Patten had a literary property in the same, and had taken out a copyright upon it. The Arctic Circle Corporation has procured an injunction pendente lite against Newman, the cause is set for trial on February 17, 1927, and Newman wishes to proceed to trial. The Arctic Circle Corporation does not oppose the motion.

Newman's receiver in bankruptcy alleges

that the estate has an interest in the subject-matter of the state suit, which may be prejudiced by a decree against Newman, and prays that it may be stayed until a trustee is elected, if Newman be adjudged a bankrupt, or until the petition be dismissed. The petition for adjudication is at issue and before the referee as special master.

Charles H. Tuttle, of New York City (Irving L. Ernst, of New York City, of counsel), for receiver.

John T. Fenlon, of New York City, for Newman.

Saul S. Myers, of New York City, for Arctic Circle Corporation.

Before HOUGH, HAND, and MACK, Circuit Judges.

PER CURIAM. The motion cannot depend upon section 11 of the Bankruptcy Act (Comp. St. § 9595), as Newman does not ask protection against the suit. It must depend upon the right of the bankruptcy court to protect assets in its custody. As the state suit was commenced after petition filed and receiver appointed, any property of Newman was at that time already in the custody of the bankruptcy court. We do not find it necessary to say whether a decree in the state suit would be a valid estoppel against a trustee's title by succession from Newman in Newman's property in the "plan," if property there be; that may depend upon whether his title relates back to the adjudication (section 70, a [Comp. St. § 9654]), or to the date of the filing of the petition.

[1] Even assuming the second alternative (Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. [N. S.] 154; Acme Harvester v. Beekman, 222 U. S. 300, 307, 32 S. Ct. 96, 56 L. Ed. 208), it is a well-recognized rule that the court first assuming jurisdiction of property may protect it from subsequent litigation which may affect or assume to affect its title (Wabash R. R. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871).

[2] It is enough for the present to say that the subject-matter of the state suit may turn out to be property of Newman which passes to his trustee in bankruptcy, and that a decree may clog or tarnish its title. As there appears to be no prejudice to Newman involved in the short delay which will ensue from a stay until the bankruptcy proceedings are determined, and a trustee appointed, if they are successful, it seems to us desirable to enjoin the suit for so long, so as to enable the trustee to intervene and protect the interests of the estate, if he shall be so advised.

The stay should, however, be conditioned upon a prompt prosecution of the bankruptcy proceedings.

Order reversed, and cause remanded, with instructions to proceed in conformity with the foregoing. Mandate to issue forthwith.