(No. 28393.—

THE ILLINOIS NATIONAL BANK OF SPRINGFIELD, Trustee, *et al., vs.* A. LEE GWINN *et al.,* Appellees.—(W. T. BURNSIDE, Appellant.)

*Opinion filed May 23, 1945.*

J. L. SULLIVAN, of Paris, E. E. DENISON, of Marion, and GEORGE E. NICHOLS, of Tuscola, for appellant.

H. F. SIMONSON, and MEYER & FRANKLIN, both of Champaign, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Douglas county, entered August 22, 1944, directing the master in chancery of the court to accept from the defendant, Elmer Ellsworth Gwinn, Jr., as redemption money, the sum of $49,049, which he had on June 20, 1944, brought into court, and further directing the master to issue a certificate of redemption evidencing that the real estate sold on February 16, 1942, under a decree of foreclosure entered in this cause, had thereby been redeemed from said sale.

The property involved in the proceedings was formerly owned by Elmer E. Gwinn, the father of the redeeming defendant. On April 24, 1922, the senior Gwinn, together with his wife, Janice Gwinn, conveyed the premises by warranty deed to A. Lee Gwinn, as trustee. This deed, after reciting that there were mortgages and other liens against the real estate conveyed, that the grantor, Elmer E.

Gwinn, was also otherwise heavily indebted, that his creditors were pressing him for payment of his obligations, and that he was wholly unable to pay the interest on the mortgage liens and to pay the other liens, debts, and obligations, authorized and directed A. Lee Gwinn, as trustee, to take possession of the premises and manage and control the same, either by personally farming or superintending the farming thereof, or by renting the same and collecting the rents therefrom, and out of the income to annually retain six per cent for his services as trustee, pay the interest on the liens and other debts, and after so doing, to annually contribute from the income, for the support and maintenance of Elmer E. Gwinn and his family, such an amount or amounts from time to time as would support and maintain them in a reasonable way, and apply any remaining income in payment of the liens and other debts. The trustee was given power to extend the time of payment of the liens and indebtedness and to execute new notes, bearing such rates of interest and payable at such times as the trustee might think best, and to secure the payment of such notes by mortgages or deeds of trust on the premises, and to extend the time of maturity of such new notes, the power to make such new notes, mortgages and deeds of trust to be extended and continued until said liens and debts were fully paid and discharged. The deed also authorized the trustee, in case he might think best or in case an extension of time for the payment of any of said liens or indebtedness could not be secured, to sell and convey a part or portion of the premises. The deed further provided that if, before the death of Elmer E. Gwinn, all the indebtedness should be fully paid and satisfied, then the trustee, after paying the expenses of managing and controlling the premises and his own compensation as trustee, should thereafter and until the death of the grantor, Elmer E. Gwinn, pay out the remainder of the income for the support and maintenance of Elmer E. Gwinn and his

family; and immediately upon the death of the said Elmer E. Gwinn, the trustee should make a deed conveying to the grantor Janice Gwinn, if she was then living and the widow of Elmer E. Gwinn, a life estate in an equal one-third part, quantity and quality relatively considered, of all of said premises remaining unsold, and that immediately after making the deed to Janice Gwinn, if any such be so made, or if no such deed be so made, then immediately after the death of Elmer E. Gwinn, if said liens and debts be then fully paid, the trustee should make a deed of conveyance of all of the premises not then sold to the bodily heirs of the said Elmer E. Gwinn, who survive him, excluding therefrom his son, Andrew B. Gwinn, the said deed of conveyance to be made subject to the interest in said premises that the trustee shall have conveyed to the said Janice Gwinn, in case she survived the said Elmer E. Gwinn and became his widow at his death. There were other provisions in the deed of trust concerning to whom the conveyance should be made in the event Elmer E. Gwinn should leave no bodily heirs surviving except the said Andrew B. Gwinn or persons who were the bodily heirs of the said Andrew B. Gwinn, and concerning the proportions in which the title should vest in the bodily heirs of the said Elmer E. Gwinn, none of which provisions are material to a consideration of the questions involved. The deed further provided that if the liens and other debts of the grantor, Elmer E. Gwinn, should not be paid at the time of his death, the trustee should thereafter retain the title to the premises and continue to manage and control the same, as in the deed provided, until he should be enabled therefrom to pay all said liens and debts and secure a discharge of the same, or that the trustee, at his option, as in the deed provided, might sell and convey sufficient of the premises to enable him, with the proceeds of said sale, to pay and discharge the liens and debts, and that when the same had been fully accomplished, then the trustee

should make the trustee's deed or deeds for said premises to the persons, for the purposes, and for the same interests, and in the same way and manner, as before provided therein.

Thereafter, on August 15, 1924, A. Lee Gwinn, as trustee, in pursuance of the authority given him by the deed of trust of April 24, 1922, executed and delivered to the plaintiff, The Illinois National Bank of Springfield, a note for the principal sum of $32,000, payable five years after date, with interest at six per cent, together with a mortgage securing the same on the trust property.

Elmer E. Gwinn, one of the grantors in the deed of trust, died April 2, 1941, leaving surviving as his only bodily heirs, his sons, Andrew B. Gwinn and Elmer Ellsworth Gwinn, Jr. Janice Gwinn, the other grantor, who, on April 24, 1922, was the wife of the grantor Elmer E. Gwinn, had on March 15, 1928, obtained a divorce from him, and was, at the time of the death of Elmer E. Gwinn, married to, and the wife of, one Mack Portwood.

On May 5, 1941, The Illinois National Bank of Springfield filed its complaint herein for foreclosure of the $32,000 mortgage, making, among others, Andrew B. Gwinn, Elmer Ellsworth Gwinn, Jr., and Janice Gwinn, then Janice Portwood, parties defendant. The decree for foreclosure and sale was entered January 9, 1942. The master in chancery reported that on February 16, 1942, he sold the premises as directed by the decree; that the same were purchased at such sale by the plaintiff, The Illinois National Bank of Springfield, for the sum of $43,000; and that the moneys received from said sale were insufficient to the extent of $7,205.03 to pay the amount due the plaintiff with interest and costs. The sale was approved by the court, and a finding made that there was still due the plaintiff the sum of $7,205.03, under and by virtue of the former decree entered in the cause; but no deficiency judgment was entered on such finding either then or any time there-

after. After the foreclosure sale, the certificate of purchase and all claims of the plaintiff because of the deficiency were sold and assigned to appellant, W. T. Burnside.

On February 16, 1943, judgment by confession in the sum of $3926.20 was entered in favor of Andrew Burkey Gwinn against A. Lee Gwinn, as trustee under the deed of trust dated April 24, 1922. An execution was issued and placed in the sheriff's hands with $45,594.36 for the purpose of making redemption from the master's sale of February 16, 1942. A certificate of redemption was issued February 18, 1943. The sheriff made a levy and on March 19, 1943, the property was sold to Burnside for $51,616.32. No further redemption having been made, the sheriff, on October 25, 1943, delivered his deed to Burnside, who has since been in possession of the property, claiming to own the same in fee simple under and by virtue of the sheriff's deed. In the meantime, on June 8, 1943, the foreclosure case was, by order of court, stricken from the docket.

April 24, 1944, on motion of appellee Elmer Ellsworth Gwinn, Jr., the foreclosure proceedings were reinstated on the docket. In the petition which he had filed asking for an accounting and other relief, he set up that he was entitled to and it was his intention to redeem from said foreclosure sale, in accordance with the provisions of section 18 of the Judgments Act (Ill. Rev. Stat. 1943, chap. 77, par. 18,) and the provisions of section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended October 6, 1942. Said appellee, on June 20, 1944, brought into open court the sum of $49,049, and made an oral motion that the master be instructed to accept the same and issue a redemption certificate. This motion was resisted by Burnside and a counter motion made by him that it be dismissed and the cause stricken from the docket. It was stipulated that Elmer Ellsworth Gwinn, Jr., was, on the date of the commencement of the foreclosure proceedings, has since continuously been, and still is a member of the

armed services of the United States on active duty with the United States navy. On August 22, 1944, the order appealed from was entered, which directed the master to accept the redemption money and issue a certificate of redemption as provided by law.

The appeal has been taken direct to this court, a freehold being involved. Although a decree establishing a right of redemption does not ordinarily involve a freehold, since the gain or loss of a freehold would not be the necessary result of the decree but would depend upon the subsequent act or inaction of the party whose right to redeem was determined (*Ziegler* v. *Perbix,* 380 Ill. 264; *Carlson* v. *Chicago Title and Trust Co.* 375 Ill. 125; *Wright* v. *Logan,* 364 Ill. 33;) yet here, the redemption money having been brought into court, the necessary result of the decree as entered was to defeat the title acquired by Burnside under the sheriff's deed, and hence a freehold is directly involved.

The first contention made by appellant is that the jurisdiction of the circuit court of Douglas county was exhausted when the court entered its order approving the master's sale and distribution of the proceeds thereof; and that the court, by entertaining and allowing the motion of Elmer Ellsworth Gwinn, Jr., made more than thirty days after the entry of said order, in effect vacated and nullified its former decree. Appellant therefore claims that the order appealed from was entered without jurisdiction and is ineffective and void. While, as a general rule, a court of equity has no power to modify, set aside or vacate a final decree after the expiration of thirty days from the date of its rendition, (Ill. Rev. Stat. 1943, chap. 77, pars. 83 and 84,) it retains and possesses the power to control the time and manner of the execution of such decree and has the inherent right to modify, by a subsequent order, the time of its enforcement or the manner in which it shall be enforced. *Totten* v. *Totten,* 299 Ill. 43.

In all cases of sales of real estate under foreclosure decrees, except in certain cases in foreclosure of mortgages made by corporations, the statute gives to any defendant, his heirs, executors, administrators, assigns, or any person interested in the premises, through or under the defendant, the right to redeem the real estate sold, at any time within twelve months from the date of the sale, by paying to the purchaser or the master the sum of money for which the land was sold, with interest thereon at the rate of six per cent. (Ill. Rev. Stat. 1943, chap. 77, par. 18.) This section was intended to and does prohibit sales of mortgaged lands, under a decree of foreclosure, without redemption. (*Farrell* v. *Parlier,* 50 Ill. 274.) This statutory right of redemption after the foreclosure sale is entirely independent of the decree. It is the statute that gives the right and not the decree. No action of the court is necessary to confer it on parties entitled, and no action of the court can take it away. (*Hyman* v. *Bogue,* 135 Ill. 9; *Fitch* v. *Wetherbee,* 110 Ill. 475; *Suitterlin* v. *Connecticut Mutual Life Ins. Co.* 90 Ill. 483; *D'Wolf* v. *Haydn,* 24 Ill. 526.) A purchaser at a foreclosure sale buys the property subject to the statutory right of redemption, which can be exercised in the mode prescribed by statute, regardless of the provisions of the decree and notwithstanding the premature issuance of a master's deed in accordance with such decree.

The amendment of October 6, 1942, to section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, provides: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during

the period of such service nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment." This section, as thus amended, excludes any part of a person's period of military service occurring after October 6, 1942, from the computation of time provided by any existing or future statute for the redemption of real estate sold under a decree of foreclosure. This provision of the Federal statute must be regarded as written into our own statutes of redemption and, in effect, amending such statutes by giving additional time for redemption in certain cases. (Glenn on Mortgages, vol. 2, par. 166, p. 804.) It is not merely directory or permissive, but is imperatively controlling and automatically extends the period of time allowed for redemption in all cases coming within the application of its terms. It is evident that the provisions of section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended October 6, 1942, are self-executing and that it was not the intention of Congress to make it discretionary with the court whether, under the facts of a particular case, an extension of time for redemption should be had.

Appellant, however, contends that Elmer Ellsworth Gwinn, Jr., was not entitled, under any law of this State, to redeem from the foreclosure sale in question, and therefore the Federal statute relied on cannot avail him, since that statute purports not to create, but only to extend, a right of redemption. In support of this contention, counsel argue, first, that the conveyance in trust by the warranty deed of April 22, 1924, executed by Elmer E. Gwinn and his wife to A. Lee Gwinn, as trustee, was in effect an assignment of the property of Elmer E. Gwinn for the benefit of his creditors; that the creditors were the beneficiaries of the trust; that Elmer Ellsworth Gwinn, Jr.,

had no interest, either légal or equitable, in the property, but only an expectancy of a future contingent interest; that such expectancy did not qualify him as a person who might redeem under the statute; that as the trustee must be held to represent his future contingent interest in the property, appellee Elmer Ellsworth Gwinn, Jr., was neither a necessary or proper party to the foreclosure suit, and could acquire no redemption rights because of being improperly made a party defendant. This contention requires a consideration of the effect of the deed of trust of April 22, 1924. There can be no doubt that this deed conveyed the fee to the grantee, A. Lee Gwinn. The conveyance was, however, in trust, and the grantee took only the legal title. Provision was made for the payment of the indebtedness of the grantor Elmer E. Gwinn, but no part of the equitable ownership of the lands was granted to any creditor. Under the deed of trust, the creditors were clearly given nothing more than a lien. The beneficial enjoyment or equitable ownership of the property, subject to the lien of the indebtedness, was, during the life of the grantor Elmer E. Gwinn, reserved by him for the support and maintenance of himself and his family, and the remainder upon his death, subject to said indebtedness and also subject to the life estate of the grantor's wife, Janice Gwinn, in case she survived him and was then his widow, given to his surviving bodily heirs other than his son, Andrew B. Gwinn. The surviving of the death of the grantor, Elmer E. Gwinn, by heirs of his body other than Andrew B. Gwinn, is the contingency upon which such remainder depends. Only those persons of the class designated that are living at the death of the grantor Elmer E. Gwinn can take. Until his death occurred, those persons could not be determined and the remainder, until then, was contingent. (*Dept. of Public Works* v. *Porter*, 327 Ill. 28.) Upon the death of Elmer E. Gwinn on April 2, 1941, prior to the bringing of the foreclosure suit, the remainder at once

vested in the appellee Elmer Ellsworth Gwinn, Jr., who was the only surviving bodily heir of the said Elmer E. Gwinn other than Andrew B. Gwinn, such vested estate being subject to the indebtedness heretofore mentioned, but not subject to a life estate in the said Janice Gwinn, as she was not the widow of Elmer E. Gwinn at the time of his death. Appellant's contention that appellee Elmer Ellsworth Gwinn, Jr., owned no vested interest of any kind in the property, but had only a future contingent expectancy, is manifestly incorrect. The fact that a trust is involved and that the title vested in said appellee is equitable and not legal, does not affect the question. The equitable ownership is regarded by equity as the real ownership. The *cestui que trust* is the beneficial and substantial owner, and, in the consideration of a court of equity, is actually seized of the freehold. (*Merchants' Loan and Trust Co.* v. *Patterson,* 308 Ill. 519.) The general rule is that in all suits respecting trust property, whether brought by or against a trustee, the beneficiaries are necessary parties. The trustee is a necessary party because he holds the legal title. The beneficiary is a necessary party because he has the equitable and ultimate interest to be affected by the decree. (*Peoples Bank and Trust Co.* v. *Gregory,* 347 Ill. 397; *Dubs* v. *Egli,* 167 Ill. 514.) Elmer Ellsworth Gwinn, Jr., was the equitable owner of the equity of redemption and properly made a party defendant to the foreclosure proceedings. (*Odell* v. *Levy,* 307 Ill. 277.) Appellant has cited cases holding that a court of equity cannot protect a mere expectancy and cases holding that, in actions involving trusts, the contingent interests of beneficiaries are represented by the trustee and such beneficiaries are neither necessary nor proper parties to the suit. These principles can have no application to the present case for the important reason that appellee Elmer Ellsworth Gwinn, Jr., was not the owner of a mere expectancy or future contingent interest, but was the owner of a vested estate in the mortgaged property. He

was a proper and necessary party defendant to the foreclosure and as such entitled to redeem, in the prescribed statutory mode, from the sale of the property under the foreclosure decree.

Counsel for appellant argue that the sheriff's sale was legal and in accordance with the statute; that appellant in purchasing thereat acted in good faith; and that any attempted redemption must be from that sale and not from the prior foreclosure sale. The foreclosure sale, from which redemption is sought, occurred February 16, 1942. As the law then stood Elmer Ellsworth Gwinn, Jr., was entitled to a twelve-months' period within which to redeem, and no judgment creditor was entitled to redeem until that period had expired without redemption being made. (Ill. Rev. Stat. 1943, chap. 77, par. 20.) On October 6, 1942, which was four months and ten days prior to the time when this twelve-months' period of redemption available to him would have expired, Congress, by the amendment to section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, extended said period of time allowed him for redemption by providing that no part of a person's period of military service occurring after October 6, 1942, should be included in computing any period allowed by law for the redemption of real estate sold to enforce any obligation. This amendment gives to all persons in military services, in all cases, without restriction or condition, an extension of the redemption period allowed by law from such sales of real estate. To hold, as appellant insists we should, that a person in military service cannot, within the extension of time given him by the amendment of October 6, 1942, exercise his right of redemption from a mortgage foreclosure sale without also redeeming from all subsequent sales of redeeming judgment creditors, would be an attempt on the part of this court to annex, as necessary to his right of redemption, a condition which Congress did not see fit to

impose. Appellant, at the time he accepted the amount due on his certificate of purchase issued by the master in chancery, and at the time when he purchased at the sheriff's sale and at the time he received the deed from the sheriff under which he now claims the ownership of the property, knew that Elmer Ellsworth Gwinn, Jr., was in the military service of the United States. He was also charged with knowledge of the provisions of the Federal statute of October 6, 1942, extending the time within which persons in military service were entitled to redeem from such foreclosure sales. If he chose to speculate upon the chance that Elmer Ellsworth Gwinn, Jr., would never exercise this right of redemption to which he was entitled under the statute, he cannot be heard to complain because the result is unfortunate for him.

Appellant concedes that if Elmer Ellsworth Gwinn, Jr., had paid the deficiency due on the first mortgage, had paid the other mortgage liens on the property, had liquidated in full all other indebtedness of his father, and was entitled to demand from the trustee a deed for the property, he would then have a right to redeem under section 205 of the Soldiers' and Sailors' Civil Relief Act as amended. Appellant says that the interest of Elmer Ellsworth Gwinn, Jr., in the property and his right to redeem would then be vested and he could redeem without depriving appellant of his property without due process of law; but because payment of the trust indebtedness has not been made and Elmer Ellsworth Gwinn, Jr., has no right to demand a deed from the trustee, his interest in the property is only a mere expectancy, uncertain of realization and impossible of valuation, and not such a vested interest as would entitle him to redeem. As we have heretofore pointed out, Elmer Ellsworth Gwinn, Jr., was the equitable owner of the property, subject to all the indebtedness of the trust estate, his interest in the property becoming vested immediately upon the death of his father, the

grantor in the deed of April 24, 1922, leaving him as the only surviving bodily heir of the said grantor other than Andrew B. Gwinn. The effect of the redemption by Elmer Ellsworth Gwinn, Jr., will be to leave the title in the same condition as existed before the foreclosure, except that the lien of the foreclosed mortgage has been removed. (*Svalina* v. *Saravana,* 341 Ill. 236.) The foreclosure decree and sale wiped out the lien of the mortgage. (*Harper* v. *Sallee,* 376 Ill. 540; *Gaskins* v. *Smith,* 375 Ill. 59.) The redemption from the foreclosure sale by Elmer Ellsworth Gwinn, Jr., who has the prior right to redeem therefrom, nullifies the master's certificate of purchase and all subsequent proceedings under the judgment of Andrew Burkey Gwinn. (*Svalina* v. *Saravana,* 341 Ill. 236.) The legal title remains in A. Lee Gwinn, the trustee, and the equitable title remains in Elmer Ellsworth Gwinn, Jr.

It appears that appellant has had possession of the land and received the income therefrom during and since the crop year of 1943; that he has received upon the deficiency under the first mortgage all moneys in the hands of the second receiver appointed in the foreclosure, except that used in the payment of receiver's fees and expenses; and that either he or his assignor, the foreclosing mortgagee, received a prorata distributive share of approximately $3100 in the hands of the trustee at the time of the foreclosure sale; but there is nothing in the record indicating the amount of any of these various items of receipts. The trustee and Elmer Ellsworth Gwinn, Jr., have filed, and there is now pending in the court below, a petition for accounting and other relief, in which they allege that appellant has received large sums of money as the net profits from the crops raised on the land and has received large sums of money paid him by the receiver; that he has acquired certain other claims and interests against the trustee, the exact amount of which is unknown to the petitioners; that the petitioner, Elmer Ellsworth

Gwinn, Jr., is ready, willing and able to pay to appellant all that may be due to him from the trust estate upon an accounting; and they ask that an accounting may be had to determine the net amount due appellant. Counsel for petitioners moved for a rule on appellant to answer the petition for accounting, but the trial court refused to rule on the motion pending the final determination of this appeal. Appellant has not, by the decree appealed from, been deprived of any of his rights.

Appellant also suggests that the remedy of appellee Elmer Ellsworth Gwinn, Jr., is by separate suit in chancery to redeem. We are of the opinion that resort to equity in a separate suit is wholly unnecessary to enable appellee to redeem under the foreclosure decree. *Traeger v. Mutual Building and Loan Ass'n,* 192 Ill. 166.

For the reasons heretofore set forth, the decree of the circuit court is affirmed.

*Decree affirmed.*