## DE KORWIN v. FIRST NAT. BANK OF CHICAGO et al.

### No. 43 C 1043.

United States District Court
N. D. Illinois, E. D.

Dec. 15, 1950.

Charles R. Aiken, Chicago, Ill., for the plaintiff.

Wilson & McIlvaine, Scott, McLeish & Falk, Adams, Moses & Culver, Hopkins, Sutter, Halls, DeWolfe & Owen, Bell, Boyd, Marshall & Lloyd, Ditchburne & Bohling, Sidley, Austin, Burgess & Harper, Amberg, Kearns & Dahlin, Poppenhusen, Johnston, Thompson & Raymond, Thomas Dodd Healy, Lewis C. Murtaugh, William J. Flaherty, Howard Neitzert, Walter A. Wade, and Lloyd McClelland, Chicago, Ill., Richardson Dilworth and Robert M. Green, Philadelphia, Pa., for the defendants.

IGOE, District Judge.

This controversy, which has been under inquiry in the District Court since 1943,

involves the testamentary trust estate of Otto Young, deceased. Opinions by the Court of Appeals, De Korwin v. First National Bank of Chicago, 7 Cir., 156 F.2d 858, certiorari denied, 1946, 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680; Id., 7 Cir., 179 F.2d 347, certiorari denied, 1950, 339 U.S. 982, 70 S.Ct. 1028 and by this Court D.C. 1949, 84 F.Supp. 918, are referred to for a full discussion of these proceedings.

The issues now submitted for determination are presented by the motions of several beneficiaries for leave to intervene in the cause. Those seeking to become parties at this stage of the proceeding and to be bound by the judgment of this Court are Ruth Young, individually and as administrator de bonis non of the estate of Stanley Young, deceased, Evelyn Heyworth Stamm, individually and as administrator de bonis non of the estate of Otto Young Heyworth, deceased, Marguerite Heyworth, as conservator of the estate of Lawrence Heyworth, an incompetent, and Lawrence Heyworth, Jr. As appears from the record herein, these applicants are the only persons having any present interest in the Otto Young trust estate who are not presently before the District Court as actual parties.

 In view of the Court's long experience with this case and its many issues, and after a thorough re-evaluation of the entire record, the Court is strongly of the opinion that the interventions should be allowed, as a matter of sound judicial discretion under Rule 24(b). Fed.Rules Civ. Proc., 28 U.S.C.A., in order that the moving parties may become bound by the decree in this cause and so that they may participate to the extent of their interest in all further proceedings herein.

The Court has been persuaded to this view by many factors. Unless the interventions are permitted there is grave danger of a multiplicity of suits for the same relief as has been and may be granted in this cause, casting a heavy burden not only upon those who would intervene but upon the other beneficiaries as well. The main action cannot suffer by intervention of all those who constitute the remaining beneficiaries. This is clearly an ancillary proceeding. The interveners will not add

important new issues, nor occasion any delay, since the beneficial interests of the intervening petitioners are similar in character to that of the plaintiff and their interest in a fiduciary accounting stands on the same footing. They are vitally concerned with the pending petitions for fees and expenses and surely should be heard in that respect since all active parties to the cause or their counsel have sought such allowances and consequently there is no one before the Court to adequately represent them in the fixing of an aggregate amount payable from the general fund. Their share, only, with one minor exception, is to be charged with proportional contributions to plaintiff's counsel for the special benefits conferred.

Clearly, then, the applications are timely presented. And under all the circumstances it is equally manifest that the claims of applicants and the main action have questions of law and fact in common.

Objections to the intervention do not challenge any of the impelling practical considerations just noticed, but are confined to the claim that Federal jurisdictional requirements obstruct the coming in of the absent beneficiaries. Objectors urge that independent jurisdiction is not asserted and, therefore, the intervention jurisdiction must stand upon the jurisdiction of this Court over the main action. From this it is argued that the intervention jurisdiction will fail unless (1) there is a fund in custody of the Court, or (2) the main action is a class suit. Finally, they say neither such ground exists here.

 These contentions by the objectors are patently without substance. Whether there is a fund in custody of the court or the action is a class suit need be decided only when intervention is asked as a matter of right under the second or third subdivisions of Rule 24(a), not where permissive intervention is sought under the second subdivision of Rule 24(b). See Allen Calculators, Inc., v. Nat. Cash Reg. Co., 322 U.S. 137, 141, 64 S.Ct. 905, 88 L.Ed. 1188; S.E.C. v. United States Realty & Imp. Co., 310 U.S. 434, 459-460, 60 S.Ct. 1044, 84 L.Ed. 1293. Even were this not so, the objections are not well taken. For purposes of testing jurisdiction, the trust

estate in legal contemplation is in court. It is unnecessary that the property be in the physical possession of the court, but only subject to its control. Rule 24(a) subpar. (3), as amended in 1946. The main action is a proceeding *in rem* or *quasi in rem*. See Franz v. Buder, 8 Cir., 11 F.2d 854, 859, and the related case of Wallace v. Fiske, 8 Cir., 80 F.2d 897, 901-902, 107 A.L.R. 726; Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285, and Thompson v. FitzGerald, 329 Pa. 497, 512-513, 198 A. 58; Bogert, Trusts and Trustees (1948 ed.), vol. 4, pp. 301-302.

To sustain their contention that the fund is not in court, objectors argue that the Court of Appeals so held on its first review of this case, 7 Cir., 156 F.2d 858. That opinion cannot be made to support such a view, directly or inferentially.

The trustee attempts at this time to dispute whether the main action was properly brought as a class suit, again relying upon the decision by the Court of Appeals in 1946. In so doing the trustee has closed its eyes to the binding effect of the adjudication in the decree of this Court affirmed on the second appeal, 7 Cir., 179 F.2d 347, that the main action is a class suit. In this connection, too, it distorts the holding of the first decision on review. Under no circumstances can that decision be interpreted as finding that the main action was not a class suit since the Court of Appeals reversed the District Court and ordered that leave be given to file the amended complaint which recited it was brought "on behalf of all of the persons constituting such class", and which prayed that the plaintiff be adjudged "a proper representative of all the members of such class." As appears from that opinion, 7 Cir., 156 F.2d 858, the court fully recognizing this was a class action went on to expressly decide whether persons sought to be dismissed as parties defendant were indispensable to the cause when viewed as a suit for the construction of a will.

■ Other jurisdictional support of the interventions exists upon this record, presumably overlooked by the objectors. Jurisdiction over the main action was invoked on the ground a Federal question was involved as well as by virtue of the diversity in citizenship. The construction and application of the Federal statute known as the McFadden Act, 12 U.S.C.A. § 36, was a controlling factor in determining the status as trustee of the First National Bank. The presence of this controlling Federal question in the main action confers the right to decide all other questions in the case even though the Federal question was decided adversely to plaintiff. Siler v. Louisville & N. R. Co., 213 U.S. 175, 191, 29 S. Ct. 451, 53 L.Ed. 753. It might be noted in passing that were the interventions denied and the excluded beneficiaries thus left to their independent suits, they might effectively challenge the trustee's status and raise again the Federal question decided here as to the construction and application of the McFadden Act.

Also, the ancillary character of the intervention sustains the Court's jurisdiction in that respect. As has been seen, the main purpose of those interventions is to carry out the decree herein and to bind those beneficiaries not actually before the court to the decree and to the fiduciary accounting which is presently going forward, as well as to the allowance of fees and expenses out of the fund now under consideration. See U. S. v. Terminal R. Ass'n, 236 U.S. 194, 199, 35 S.Ct. 408, 59 L.Ed. 535; Wichita Railroad & L. Co. v. P. U. Comm., 260 U.S. 48, 54, 43 S.Ct. 51, 67 L.Ed. 124; Sioux City Terminal R. & W. Co. v. Trust Co. of N. A., 8 Cir., 82 F. 124, 125-128, affirmed 173 U. S. 99, 19 S.Ct. 341, 43 L.Ed. 628; Hood ex rel. North Carolina Bank & Trust Co. v. Bell, 4 Cir., 84 F.2d 136, 137; Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, 507-508; U. S. v. Vehicular Parking Co., D.C.Del., 7 F.R.D. 336, 337.

In this light it becomes clear that whatever view may be taken of the motions they ought to be granted, whether made as a matter of right or addressed to the Court's discretion as the instant applications appear to be, and it will be so ordered.