Margaret DE KORWIN, etc.,
Plaintiff,

v.

The FIRST NATIONAL BANK OF CHICAGO, etc., et al., Defendants.

The FIRST NATIONAL BANK OF CHICAGO, Trustee under the Last Will of Otto Young, deceased, Petitioner,

v.

Samuel A. RINELLA and Marie Louise Tonella, Respondents.

No. 43 C 1043.

United States District Court
N. D. Illinois, E. D.

Oct. 13, 1955.

Charles Rivers Aiken, Chicago, Ill., for plaintiff.

William B. McIlvaine and William S. Bodman, Chicago, Ill., for petitioner.

Charles Justin Little, Chicago, Ill., for respondent Samuel A. Rinella.

Theodore C. Diller, Winfield T. Durbin, A. Bradley Eben, Thomas Dodd Healy, Lewis C. Murtaugh, Frank L. Paul, and Harold A. Smith, Chicago, Ill., for defendants.

IGOE, District Judge.

A decree was entered in this cause on December 14, 1951, approving and incorporating a family settlement and a conveyance and liquidation trust agreement, whereby this court took over the supervision and direction of the administration and liquidation and distribution of the testamentary trust estate of Otto Young, deceased; taking of the trustees' accounts which had been previously ordered for the period after March 26, 1916, was continued by agreement until the further order of court; and full and complete jurisdiction of the trust and over its administration, liquidation and distribution was expressly reserved. The complaint initiating this action, seeking a fiduciary accounting and related relief

operating directly upon the trust estate, required that the court or its officer have control or constructive possession of such corpus and constituted a suit in rem or quasi in rem. The original decree herein and subsequent adjudications, particularly the settlement decree of December 14, 1951, have drawn the trust property into the custody of this court and it is now custodia legis in this proceeding, in effect is impounded herein. For a fuller discussion of this litigation and its background, see: De Korwin v. First Nat. Bank of Chicago, 7 Cir., 156 F.2d 858, certiorari denied 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680; Id., D.C., 84 F.Supp. 918; Id., 7 Cir., 179 F.2d 347, certiorari denied Pratt v. De Korwin, 339 U.S. 982, 70 S.Ct. 1025, 94 L.Ed. 1386; De Korwin v. First Nat. Bank of Chicago, D.C., 94 F.Supp. 577.

In this setting The First National Bank of Chicago as Trustee under the Last Will of Otto Young, deceased, filed its petition, on October 11, 1954, for the instructions of this court relative to its administration of the trust property occupied by the department store of Carson, Pirie, Scott and Company, at State and Madison Streets in Chicago. Specifically, the trustee sought to be instructed whether it had power to sell the Carson Pirie property or lease it for a long term, and if so when and how such right ought to be exercised. By decree entered February 4, 1955, the will of Otto Young was construed as authorizing a sale of the Carson Pirie property with approval by a court of competent jurisdiction, and the trustee was empowered to make such disposition immediately. On July 20, 1955, sale of the Carson Pirie property to its occupants for $7,500,000 was approved and confirmed. The instant ancillary proceeding is an outgrowth of the decrees of construction and sale.

Following authorization and direction to sell the Carson Pirie property, the trustee called upon Chicago Title and Trust Company for an opinion of title, and the pendency of a complaint for partition of the Otto Young trust assets filed in the Superior Court of Cook County in August of 1949 on behalf of Marie Louise Tonella, plaintiff, by Samuel A. Rinella as her attorney, was noted as an objection to the trustee's title. To remove that cloud upon its title, the trustee upon leave filed its instant petition in this cause for an injunction restraining Mrs. Tonella and attorney Rinella from further prosecution of the Superior Court partition proceedings. Mrs. Tonella, a grandchild of Otto Young and a beneficiary under his trust, has been a party to this proceeding from its commencement in 1943. Mr. Rinella, individually, has been brought before the court, pro hac vice, by original process.

The respondent Tonella does not oppose the injunction for reasons which will become obvious. Respondent Rinella has answered the petition by raising questions of law only, thus admitting all facts averred by the trustee. With the controversy in this posture, the trustee now moves for judgment on the pleadings. Briefs have been filed in support of and in opposition to the trustee's motion, and counsel for the plaintiff has submitted supporting suggestions.

On this branch of the case the defenses argued by respondent Rinella may be summarized as lack of jurisdiction over the trust res and to enjoin the State court suit. His claims of res judicata, estoppel and laches are rested upon an order of reinstatement procured by Rinella in the Superior Court suit. Lastly, Rinella questions the right of this court to approve any sale of the Carson Pirie property.

 Rinella's first point in support of his attack upon jurisdiction over the trust res appears based on a distinction between the interest of the trustee and beneficiaries in the trust on one hand and the trust property itself on the other. In this respect he asserts "a misapprehension on the part of the trustee of what comprises a trust res". He insists that "the res * * * was the congeries of interests existing between the trustee and the various beneficiaries, and not the real estate comprising the physi-

cal assets of the trust." Under this theory he concludes: "It is accordingly clear that the res to which the jurisdiction of the District Court attached * * * is an entity entirely different and apart from the real property, or any parcel thereof, to which the trustee holds legal title." Authority cited does not sustain the proposition that there are two different trust res in the same trust property, i. e., a res comprised of the trust interests, and a res made up of the trust property. Indeed, the textwriter quoted, Professor Bogert, supporting an opposite conclusion that the two elements, interest and property, are combined in every trust res, states: "Every express trust, therefore, necessarily involves a property interest or interests and a thing or things in which those property interests exist." There is no substance to the contention that the trust res over which this court has jurisdiction is different from the trust res of the Superior Court complaint.

▮▮ The main action here and the Superior Court suit are similar. The subject matter of each is the Otto Young trust estate, and the parties in both courts are the trustee and beneficiaries. Each asks relief requiring control of the trust fund and is a proceeding in *rem*. The jurisdiction of the District Court and that of the Superior Court are co-ordinate or concurrent. As has been seen, the trust *res* long since was drawn into the custody of this court while in the Superior Court suit, instituted some six years later, steps have not been taken as yet toward judicial possession of the trust properties. In these circumstances, jurisdiction over the trust *res* is exclusively in this court. The controlling principle was thus stated in Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285: "If the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield

to that of the other." In Harkin v. Brundage, 276 U.S. 36, at page 43, 48 S.Ct. 268, at page 271, 72 L.Ed. 457, the Court said: "As between two courts of concurrent and coordinate jurisdiction, the court which first obtains jurisdiction and constructive possession of property by filing the bill is entitled to retain it without interference and cannot be deprived of its right to do so". In Kline v. Burke Const. Co., 260 U.S. 226, at page 231, 43 S.Ct. 79, at page 82, 67 L.Ed. 226, the Court said: " 'It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted.' " To the same effect, see: Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850. In Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U.S. 51, at page 61, 20 S.Ct. 564, at page 568, 44 L.Ed. 667, the Court said: "The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. * * * The rule has been declared to be of especial importance in its application to Federal and state courts."

The trustee's petition for an injunction properly invokes section 2283 of 28 U.S.C.A., which permits a court of the United States to grant an injunction for the stay of proceedings in a State court where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. In re Newman, 2 Cir., 17 F.2d 584, 585; Barnett v. Mayes, 10 Cir., 43 F.2d 521, 526; City of Orangeburg v. Southern R. Co., 4 Cir., 134 F.2d 890, 892; Brown v. Wright, 4 Cir., 137 F.2d 484, 488.

▮ The order of reinstatement procured by respondent Rinella in the Superior Court partition suit, upon which his claims of res judicata, estoppel

and laches are based, is void upon its face and is to be disregarded. Apart from the showing that the Superior Court complaint was filed by the respondent Rinella in the name of the respondent Marie Louise Tonella without her "desire or intention to institute that suit" and that its commencement was without her "agreement or consent" and was ordered by her to be dismissed shortly after its filing, and putting to one side the clear Illinois rule that properties held in an active trust are not subject to partition along with other invalidities, the order reinstating the partition complaint in the Superior Court entered April 16, 1951, upon application of the respondent Rinella alone, is plainly void on its face in at least two respects. After Rinella had refused to effect a dismissal of the partition suit, Mrs. Tonella appeared before the Superior Court on February 6, 1951, with other counsel and obtained a voluntary dismissal with prejudice of her complaint. On March 19, 1951, more than thirty days after the final decree of dismissal, Rinella presented his own petition to vacate the judgment on the ground that plaintiff, Mrs. Tonella, his former client, was indebted to him for attorney fees and advancements. The Illinois Supreme Court in Illinois Nat. Bank of Springfield v. Gwinn, 390 Ill. 345, at page 352, 61 N.E.2d 249, at page 253, 159 A.L.R. 468, said: "A court of equity has no power to modify, set aside or vacate a final decree after the expiration of thirty days from the date of its rendition, Ill.Rev.Stat., ch. 77, pars. 83 and 84". To the same effect, see: Barnard v. Michael, 392 Ill. 130, 135, 63 N.E.2d 858. An equally settled Illinois doctrine is that where a plaintiff voluntarily dismisses her suit the court lacks jurisdiction to reinstate the action even when applied for the very next day unless the order of dismissal expressly grants leave to make such an application. The Superior Court judgment not only omitted leave to move for its reinstatement but expressly precluded such a right by specifically directing that the dismissal be "with prejudice". In People ex rel. Waite v. Bristow, 391 Ill. 101, at page 108, 62 N.E.2d 545, at page 549, the Court said: "Where the plaintiff voluntarily dismisses his suit the court has no power to set aside the order of dismissal and reinstate the cause, unless at the time the nonsuit is taken, leave is given to move to set aside the order of dismissal. Bettenhausen v. Guenther, 388 Ill. 487, 58 N.E.2d 550; Davis v. Robinson, 374 Ill. 553, 30 N.E.2d 52; Weisguth v. Supreme Tribe of Ben Hur, 272 Ill. 541, 112 N.E. 350; Chicago Title & Trust Co. v. Tilton, 256 Ill. 97, 99 N.E. 897."

As an even "more cogent objection to this court's granting the relief prayed for in the petition", the respondent Rinella concludes: "This court was and is without jurisdiction or authority to order or to consent to the sale of the Carson Pirie property at all. The Last Will and Testament of Otto Young, * * * prohibits as clearly and as explicitly as the English language can be made to do the sale of the Carson Pirie tract by the trustee at any time during the continuation of the trust." It need not be recalled that this construction question was exhaustively inquired into and ably briefed and argued on the merits in this cause with contrary results. It is enough to point out that Rinella, without an interest in the subject matter, lacks standing to challenge the construction which has been finally placed upon the last will and testament of Otto Young, deceased, and to urge a different intention on the part of the testator.

The prayer of respondent Rinella that this court pass upon and determine his "rights * * * to receive from the respondent Marie Louise Tonella the monies due him for fees and monies expended by him for use and on the behalf of the said respondent Marie Louise Tonella" is beyond the jurisdiction in this cause, at least until his demand may be reduced to judgment or otherwise liquidated.

Counsel for the trustee and for the plaintiff may present a draft decree finding that the partition suit filed in the

Superior Court of Cook County by Samuel A. Rinella in the name of Marie Louise Tonella against the Otto Young trust does not constitute a cloud upon the title held by petitioner, The First National Bank of Chicago as trustee under the last will of Otto Young, deceased, and enjoining the respondents, Samuel A. Rinella and Marie Louise Tonella, from any further prosecution of such Superior Court suit.