Margaret DE KORWIN, etc., Plaintiff,

v.

The FIRST NATIONAL BANK OF CHICAGO, etc., et al., Defendants.

The FIRST NATIONAL BANK OF CHICAGO, Trustee, etc., Petitioner-Appellee,

v.

Samuel A. RINELLA, Respondent-Appellant.

No. 11649.

United States Court of Appeals Seventh Circuit.

June 22, 1956.

Samuel A. Rinella, Myer N. Rosengard, Chicago, Ill., for appellant.

Charles Rivers Aiken, William S. Bodman, Chicago, Ill., for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

In an equity proceeding having to do with the trust estate mentioned in De Korwin v. First National Bank of Chicago, 7 Cir., 156 F.2d 858, certiorari denied 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680, affirming, D.C., 84 F.Supp. 918, in 7 Cir., 179 F.2d 347, certiorari denied, Pratt v. De Korwin, 339 U.S. 982, 70 S.Ct. 1025, 94 L.Ed. 1386, and in De Korwin v. First National Bank of Chicago, D.C., 94 F.Supp. 577, the district court, in De Korwin v. First National Bank of Chicago, D.C., 136 F.Supp. 720, restrained Marie Louise Tonella and her attorney, Samuel A. Rinella, from prosecuting, in the Superior Court of Cook County, a partition suit involving the trust property. From that decree, Mrs. Tonella, the litigant, has taken no appeal; her attorney, Rinella, has appealed, and prays that we reverse the order enjoining him from prosecuting the said suit.

In the trial court's decision, D.C., 136 F.Supp. 720, Judge Igoe has supplied a chronicle of the salient events and reached conclusions which we consider unassailable. Consequently, we shall supplement his decision only briefly and only to the extent necessary to dispose of two specific subject matters, the right of Rinella to prosecute his appeal, and the question of whether, in view of the fact that Mrs. Tonella did not appeal, the review now sought has become moot.

While the administration of the trust was pending in the district court, Rinella instituted the partition suit in Mrs. Tonella's behalf in the state court. We think it clear that the complaint was filed without her permission, and that shortly after it was filed she directed Rinella to dismiss it. He refused to do so. Thereupon she appeared in Superior Court with other counsel and obtained an order dismissing her complaint with prejudice. Some 40 days later Rinella on his own account procured an order in the Superior Court reinstating the cause. It was the prosecution of this suit that the district court restrained.

The trial court explored the situation and disposed of it thus, 136 F. Supp. at page 723 of its opinion: "The order of reinstatement procured by respondent Rinella in the Superior Court partition suit, upon which his claims of

*res judicata,* estoppel and laches are based, is void upon its face and is to be disregarded. Apart from the showing that the Superior Court complaint was filed by the respondent Rinella in the name of the respondent Marie Louise Tonella without her 'desire or intention to institute that suit' and its commencement was without her 'agreement or consent' and was ordered by her to be dismissed shortly after its filing, and putting to one side the clear Illinois rule that properties held in an active trust are not subject to partition along with other invalidities, the order reinstating the partition complaint in the Superior Court entered April 16, 1951, upon application of the respondent Rinella alone, is plainly void on its face in at least two respects. After Rinella had refused to effect a dismissal of the partition suit, Mrs. Tonella appeared before the Superior Court on February 6, 1951, with other counsel and obtained a voluntary dismissal with prejudice of her complaint. On March 19, 1951, more than thirty days after the final decree of dismissal, Rinella presented his own petition to vacate the judgment on the ground that plaintiff, Mrs. Tonella, his former client, was indebted to him for attorney fees and advancements. The Illinois Supreme Court in Illinois Nat. Bank of Springfield v. Gwinn, 390 Ill. 345, at page 352, 61 N.E.2d 249, at page 253, 159 A.L.R. 468, said: 'A court of equity has no power to modify, set aside or vacate a final decree after the expiration of thirty days from the date of its rendition, Ill.Rev.Stat., ch. 77, pars. 83 and 84'. To the same effect, see: Barnard v. Michael, 392 Ill. 130, 135, 63 N.E.2d 858. An equally settled Illinois doctrine is that where a plaintiff voluntarily dismisses her suit the court lacks jurisdiction to reinstate the action even when applied for the very next day unless the order of dismissal expressly grants leave to make such an application. The Superior Court judgment not only omitted leave to move for its reinstatment but expressly precluded such a right by specifically directing that the dismissal be 'with prejudice'. In People ex rel. Waite v. Bristow, 391 Ill. 101, at page 108, 62 N.E.2d 545, at page 549, the Court said: 'Where the plaintiff voluntarily dismisses his suit the court has no power to set aside the order of dismissal and reinstate the cause, unless at the time the nonsuit is taken, leave is given to move to set aside the order of dismissal. Bettenhausen v. Guenther, 388 Ill. 487, 58 N.E. 2d 550; Davis v. Robinson, 374 Ill. 553, 30 N.E.2d 52; Weisguth v. Supreme Tribe of Ben Hur, 272 Ill. 541, 112 N.E. 350; Chicago Title & Trust Co. v. Tilton, 256 Ill. 97, 99 N.E. 897'."

We consider the district court's language entirely sound. In other words, Rinella stands before the court as an attorney whose client has been restrained, but who objects to the restraint solely because he claims that his client owes him a sum of money, although he has asserted no attorney's lien, as he might do under the Illinois statutes, and, although there is nothing in the court's decree restraining him from prosecuting any proper remedy he may have for recovery from her of anything he can prove is due him. He is not and never has been a party to the litigation; he has no interest therein; he has been restrained merely because he claimed to be an agent of Mrs. Tonella who, as we have pointed out, has taken no appeal.

Under the district court's decision and the Illinois authorities cited therein, the judgment reinstating the cause in the Superior Court was wholly void, in face of the statute of Illinois and without force or effect.

■■ Moreover, we know of no theory under which a lawyer acting for a client who has disclaimed him as counsel, can maintain an appeal from a decree restraining his client from proceeding in court. This is well within our language in In re Michigan-Ohio Bldg. Corp., 7 Cir., 117 F.2d 191, 192: "We are faced at the outset with the question obtruding from the face of the record as to whether appellants have such an interest or are to such degree aggrieved as to create in

them the right to appeal. Generally accepted is the legal tenet that no one may appeal from a judgment unless he has an interest therein, direct, immediate, pecuniary and substantial. Speaking more specifically, a party has an appealable interest only when his property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed. \* \* \* Furthermore, the right invaded or the injury sustained must be subsisting and immediate, not one arising as some possible, remote, unforeseen consequence. \* \* \* Though no motion to dismiss the appeal has been interposed, we deem it our obligation, upon the face of the record, to act *nostra sponte*. The appeal is dismissed."

In view of the fact that the only party to the suit in the state court who has been restrained, Mrs. Tonella, has not appealed, and Rinella claims only to have been counsel for her, it follows that, to the extent his connection with the partition case is concerned, that is, his claimed representation of Mrs. Tonella, his services are at an end. She has been restrained, and does not object to the restraint. No party in interest appeals.

If we were to reverse the decree, insofar as the attorney is concerned, on the ground that he is only a representative of the real party in interest, he would still not be able to represent Mrs. Tonella against her own wishes and continue to prosecute the suit in the state court. In other words, the events which have occurred render it impossible to grant him any effectual relief in this litigation. He has no justiciable cause pending either in the district court or this court. In such cases an appellate tribunal will not proceed to a determination of speculative matters as to which no appropriate proceedings are before it but will dismiss the appeal. Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293; Kimball v. Kimball, 174 U.S. 158, 162, 19 S.Ct. 639, 43 L.Ed. 932; Dietrich v. United States Shipping Board, 2 Cir., 80 F.2d 211; Chicago City Bank & Trust Co. v. Board of Education, 386 Ill. 508, 519, 54 N.E.2d 498.

Inasmuch as plaintiff is without right to appeal, as the cause as to his client has become moot and judgment therein final, as no party in interest has appealed, and as the appeal must be dismissed, it is unnecessary to discuss the other features of the cause, as it might be desirable to do if a proper party in interest were before us.

The appeal is dismissed.