21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 WESTERN ASSURANCE CO., INC., Debtor in Possession, Plaintiff
and Counterclaim Defendant,
v.
J.D. CONNORS, Defendant-Appellee.
CONNORS CONSULTING GROUP, INC., Counterclaimant and
Third-Party Plaintiff-Appellee,
v.
Martin NEMETH, Third-Party Defendant-Appellant.
 No. 93-2400.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.[1]
Decided March 31, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This diversity case arises out of the dealings of two men who were previously business partners. We have previously disposed of one of the claims in Western Assurance Co. v. Star Financial Bank, 3 F.3d 1129 (7th Cir.1993), and we refer the reader to that opinion for the detailed factual background.[2] Today we consider the district court's refusal to grant Nemeth's motion to dissolve an injunction which was entered in the case in 1990.
 
 Jurisdiction
 
 2
 The appellees maintain that we have no jurisdiction to hear the appeal because Nemeth, in effect, is filing an untimely appeal challenging the 1990 entry of the injunction. See Fed.R.App.Proc. 4(a) (to obtain review of the granting of an injunction, defendant must seek review through a direct appeal within 30 days). We disagree. Although Nemeth states that the district court provided no findings and no hearing, he does not specifically challenge the propriety of the original injunction. Instead, he argues that three things have changed since 1990,[3] and those changes make the continued injunction unfair and impose undue prejudice on him. See People of State of Illinois ex rel. Hartigan v. Peters, 871 F.2d 1336, 1339 (7th Cir.1989) ("In reviewing a denial of motions to dissolve an injunction ... we are not called upon to examine the district judge's original decision to impose an injunction"; the scope of review, however, is "limited to the findings and conclusions underlying the district judge's denial of the motions to dissolve the injunction"). In a case such as this, where the reasons for denying the motion to dissolve the injunction rest upon the same findings as those relied upon in granting the injunction, we are permitted to "pragmatically review the denial of a motion to dissolve an injunction" as if it "were both part of the district judge's initial decision to grant an injunction." Peters, 871 F.2d at 1339, citing 9 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice par. 110.02 (2d ed. 1985). Thus, we do have jurisdiction.[4]
 
 Dissolution of Injunction
 
 3
 Nemeth complains that the district court denied his request to dissolve the injunction without holding a hearing or even permitting oral arguments, and without filing findings of fact or law to support the decision. Under the facts in this case, the district court only needed to rely on the original findings made in granting the injunction, and thus it "need not restate those findings in order to maintain the injunction," under Fed.R.Civ.P. 52(a). Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1228 (1st Cir.1994).
 
 Refusal to Dissolve Injunction
 
 4
 The injunction at issue here prevents the parties from proceeding in a certain state court action in California.[5] The injunction specifically provides that Western and Nemeth are enjoined "from proceeding with the trial of their cross-complaint and amended cross-complaint," and all of the parties are enjoined "from proceeding to trial on such cross-claims in the California Action." The California action,[6] originally filed by an attorney who represented Western and was attempting to obtain attorney's fees, eventually included several cross-complaints between Western, Nemeth, Connors, and Connors Consulting. The cross-complaints ask the California court to impose a constructive trust on the res held in escrow by the Indiana district court.
 
 
 5
 We think the district court properly exercised its discretion in refusing to dissolve the injunction.[7] Many of the parties are the same in the California state and Indiana federal lawsuits. The nearly half millions dollars the parties all seek to acquire constitutes the same res for both lawsuits. The three "changes" Nemeth refers to have no effect on the fact that ultimately the parties need to apportion the res which is being held in escrow. The attorney fees sought by Cullen in California will come out of those partnership assets.
 
 
 6
 At the time the briefs were filed, the district court had appointed a Special Master who had completed an accounting. Summary judgment disposed of one claim. A trial had been held on the question of whether a partnership existed. We have not received any updates on subsequent proceedings. We do believe, however, that the district court has done an exemplary job managing the issues in this case involving numerous claims, cross-claims, counterclaims and third-party claims in two different jurisdictions. We find nothing in the voluminous record indicating the district court abused its discretion in refusing to dissolve the injunction.
 
 
 7
 Nemeth points out that the California court imposed a one-year statute of limitation, which terminates in July 1994, on any further delay in proceeding. The state court quite simply does not have the authority to tell the federal district court that it cannot impose the injunction for more than a year.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Nemeth has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 The district court's July 2, 1993 order included in the record in this appeal adds the finding that Connors and Nemeth were in fact partners, and the escrow funds were partnership assets. The district court also added a summary of the events leading up to the lawsuit:
 "[Connors and Nemeth] reaped a small fortune working together. Unfortunately for the parties, however, they were in such a hurry to make money that they failed to specify exactly what their responsibilities were one to the other, or to exercise financial control over their newly acquired wealth.
 * * *
 The large cash flow which their work generated overwhelmed their limited managerial expertise. The result was inevitable: a feud between unsophisticated parties who were foolish enough to embark on a complex business endeavor without the benefit of professional guidance; once lost, they turned on each other."
 The order also stated that a trial would go forward "to determine the profits of all projects in which [the parties collaborated] by contributing services, funds, or goods, together with the amount received by each of the parties and the amount to be paid, if any, by one to another, as well as the distribution of the amount in the court's escrow fund."
 
 
 [3]
 Those three things include the completion of the accounting by the Special Master; the involuntary bankruptcy of Western Assurance Company (owned by Nemeth); and the district court's partial judgment finding that a partnership existed
 
 
 [4]
 We also noted in Peters, however that in "taking this pragmatic approach ... we are not condoning attempts to circumvent the thirty-day filing requirement for a direct appeal through a motion to dissolve an injunction." Peters, 871 F.2d at 1339
 
 
 [5]
 The federal court may enjoin parties from proceeding in a state court action with respect to rights affecting the same res. See DeKorwin v. First National Bank of Chicago, 267 F.2d 337 (7th Cir.1959); DeKorwin v. First National Bank of Chicago, 235 F.2d 156 (7th Cir.1956)
 
 
 [6]
 Cullen v. Nemeth, Western Assurance Co., Inc., J.D. Connors, Western Assurance Company of Indiana, et al., Superior Court of California, County of Sacramento, No. 503773
 
 
 [7]
 The standard to be applied by a district court in deciding whether to dissolve an injunction should "depend on the same considerations that guide a judge in deciding whether to grant or deny [an] ... injunction in the first place." Knapp Shoes, Inc., supra, 15 F.3d at 1225