**BARNEY H. DeLOACH and A. K. HAWKINS v. LYNN C. CALIHAN**

30 So. (2nd) 910            January Term, 1947
March 21, 1947            Special Division A
Rehearing granted May 10, 1947
Opinion on rehearing June 24, 1947

*Knowles & Kirk* and *Henderson, Franklin, Starnes & Holt*, for petitioners.

*Robert E. Willis*, for respondent.

TERRELL, J.:

On May 14, 1938, Lynn C. Calihan purchased Lot 8, Block C of High School Addition to the City of Manatee, Florida.

He did not pay the taxes on this property, so tax certificate No. 1308 was issued against it July 7, 1941. Calihan enlisted in the Armed Forces November 17, 1943. January 3, 1944, tax deed was issued to Atlantic Municipal Corporation on the basis of said. certificate. April 2, 1945, Atlantic Municipal Corporation conveyed the said lot to A. K. Hawkins, who in turn, five days later, conveyed it to Barney H. DeLoach.

Calihan was discharged from the Armed Forces February 3, 1946, and on May 2, following, instituted this suit in chancery alleging that on account of being in the Armed services "at the time of the application for an issuance of such purported tax deed and other purported deeds heretofore set out, the said purported tax deed and other purported deeds are voidable and complainant is entitled to their cancellation." The bill prayed for cancellation of the deeds and an accounting for rents received during the occupancy of the lands. A motion to dismiss was denied and that order is here for review on certiorari.

The chancellor denied the motion to dismiss on authority of Section 525, Soldiers' and Sailors' Civil Relief Act, the pertinent part of which is as follows:

Nor shall any part of suh period which occurs after the date of the enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 be included in the computing of any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

The chancellor supported his order overruling the motion to dismiss by Illinion National Bank of Springfield v. Gwinn 390 Ill. 345, 61 N.E. (2) 249, 159 ALR 4 468.

Petitioners counter with the contention that respondent has not brought himself within the protection of Section 560, Soldiers' and Sailors' Civil Relief Act, the pertinent part of which is as follows:

"(1) The provisions of this section shall apply when any taxes or assessments, whether general or special (other than taxes on income), whether falling due prior to or during the period of military service, in respect of personal property,

money, or credits, or real property owned and occupied for dwelling, professional, business, or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid."

In the Illinois case cited and relied on by the chancellor, the Court held that the provisions of Section 525, Soldiers' and Sailors' Civil Relief Act, were written into the State statute and extended the period for redemption to those in the Armed services so long as they were in the service.

Petitioners contend on the contrary that the law in effect at the time the tax certificate was issued controls the issuance of the tax deed, that the Soldiers' and Sailors' Civil Relief Act was passed after the issuance of the tax certificate in question and should not be construed as modifying the certificate holders' contract under the law. It is also contended that if there is conflict between Sections 525 and 560, Soldiers' and Sailors' Civil Relief Act, the language of the later section must prevail and be given effect as the will of the legislature.

In our view, Section 560, Soldiers' and Sailors' Civil Relief Act defines the standard by which a soldier or sailor may know the class of property on which he is granted indulgence thereunder, and section 525 puts him on notice of the period of indulgence. As to real estate, the indulgence is limited to that "owned and occupied for dwelling, professional, business or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid."

Since these are the conditions under which one may avail himself of the provisions of the Soldiers' and Sailors' Civil Relief Act, we think it necessary that respondent allege facts in his bill of complaint to bring him within the terms of the statute. Since the Act covers taxes "falling due prior to or during the period of military service" it must have the effect of extending the period of redemption for all such lands as are brought within its terms.

If respondent alleges facts sufficient to bring him within the terms of the act he may redeem as the State Statute for

redemption provides. In this case it appears that Calihan entered the Armed services long after the tax certificate was issued. ·

If he cannot allege facts to bring him within the terms of the Soldiers' and Sailors' Civil Relief Act, then he is entitled to no protection under it. We think he failed to make a ·sufficient showing of the character of the use and occupancy of the property as defined in Sec. 560 supra. Holding this view it becomes unnecessary to discuss other questions raised. It is settled law in this State that when one brings himself within the terms of the Soldiers' and Sailors' Civil Relief Act it should be liberally construed in his favor. Shayne v. Burke, decided October 22, 1946.

The certiorari is granted and the order denying the motion to dismiss is quashed with permission to respondent to amend his bill of complaint.

THOMAS, C.J., CHAPMAN, J., and McNIELL, Associate Justice concur.

### ON REHEARING

PER CURIAM:

Upon further reconsideration of this cause, the opinion and judgment of this court filed March 21, 1947, is adhered to.

THOMAS, C.J., TERRELL, and CHAPMAN, JJ., and McNIELL, Associate Justice, concur.