## LE MAISTRE *v.* LEFFERS ET AL.

No. 362.   Argued January 7, 1948.—Decided February 2, 1948.

*W. B. Shelby Crichlow* and *Dewey A. Dye* argued the cause for petitioner. With them on the brief was *Robert E. Willis.*

*James Alfred Franklin* argued the cause for respondents. With him on the brief was *R. A. Henderson, Jr.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, as amended, 56 Stat. 769, 770, 50 U. S. C. App. Supp. V, § 525, provides in part that no portion of the period of military service [1] which occurs after October 6, 1942,[2] shall be included "in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

Petitioner owned land in Florida on which taxes became delinquent April 1, 1940. Under Florida statutory procedure [3] the tax collector after notice sells the land at public sale and issues a tax certificate to the purchaser. At any time after two years from the date of the certificate the holder thereof may apply for a tax deed. Notice is given, a public sale is had, and a tax deed is issued. The owner may redeem the land at any time after issuance of the certificate and before issuance of the tax deed.

---

[1] The term is defined in § 101 (2) of the Act as follows:

"For persons in active service at the date of the approval of this Act it shall begin with the date of approval of this Act; for persons entering active service after the date of this Act, with the date of entering active service. It shall terminate with the date of discharge from active service or death while in active service, but in no case later than the date when this Act ceases to be in force."

[2] That was the effective date of the amendment which added this provision to § 205.

[3] Fla. Stats. cc. 193, 194 (1941).

In accordance with this procedure a tax certificate on petitioner's lands was issued August 5, 1940. Petitioner was on active duty in the Navy from August 18, 1942, until his discharge on December 18, 1945. Application for a tax deed was made by one Conrod in January, 1943, and the deed issued to him on March 1, 1943. It is through him that respondents claim by mesne conveyances.

Petitioner filed this suit in equity on March 25, 1946, seeking to set aside the tax deed by reason of § 205 of the Soldiers' and Sailors' Civil Relief Act. The Florida Supreme Court affirmed a judgment denying the relief, 159 Fla. 122, 31 So. 2d 155, on the authority of its earlier decision in *De Loach* v. *Calihan,* 158 Fla. 639, 30 So. 2d 910. The case is here on a petition for a writ of certiorari which we granted because the construction given to the federal Act seemed to us not only a dubious one but also at variance with *Illinois Nat. Bank* v. *Gwinn,* 390 Ill. 345, 61 N. E. 2d 249.

Under Florida law petitioner concededly could have redeemed any time between August 5, 1940, when the certificate was issued, and March 1, 1943, when the tax deed was issued. The provision of the federal Act with which we are here concerned became effective during that period—October 6, 1942. At that time petitioner was in the Navy and at once became a beneficiary of it. That means that the running of the time granted him under Florida law to redeem was tolled as long as he was in the military service. Since he would have had from October 6, 1942, to March 1, 1943, to redeem, the effect of the Act was to give him the same length of time after his discharge for that purpose. His present action being timely, there is thus no barrier to his recovery so far as the Act is concerned.

Two reasons, however, are advanced against it. First, it is argued that § 205 applies only where state law provides for transfer of title to the purchaser subject to de-

feasance by redemption. The Florida procedure is said to be not covered by § 205 since title passes only on issuance of the deed, which ends the period of redemption. We do not think § 205 deserves such a technical reading. The provision in question was added in 1942 to remedy what this Court had held to be a *casus omissus* in a preceding Act.[4] *Ebert* v. *Poston,* 266 U. S. 548, 554. Its language does not compel the narrow reading that is suggested; and the spirit of the amendment repels any such restriction. It covers "any period . . . provided by any law for the redemption of real property sold or forfeited," etc. We see neither in that language nor in the legislative history of the provision any purpose to restrict its application to cases where redemption follows passage of title.

The second reason urged against petitioner is the one adopted by the Supreme Court of Florida in *De Loach* v. *Calihan, supra.* It held that § 205 is limited by § 500. The latter section gives added protection to a person in military service by providing that no sale for taxes or assessments shall be made except upon leave of court "in respect of . . . real property owned and occupied for dwelling, professional, business, or agricultural purposes," and by granting a given period for redemption.[5] The

---

[4] The purpose was stated as follows: "The running of the statutory period during which real property may be redeemed after sale to enforce any obligation, tax, or assessment is likewise tolled during the part of such period which occurs after the enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942. Although the tolling of such periods is now within the spirit of the law, it has not been held to be within the letter thereof (I. R. 1269 C. B., June 1922, p. 311; *Ebert* v. *Poston,* 266 U. S. 549)." Sen. Rep. No. 1558, 77th Cong., 2d Sess., p. 4.

[5] Section 500 reads in part:

"(1) The provisions of this section shall apply when any taxes or assessments, whether general or special (other than taxes on income), whether falling due prior to or during the period of military service,

Supreme Court of Florida held that § 500 describes the class of real property on which a soldier or sailor is granted indulgence, while § 205 indicates the period of the indulgence. Under that view petitioner would fail because the property in question does not appear to be land "owned and occupied for dwelling, professional, business, or agricultural purposes."

We do not, however, read the Act so restrictively. The two sections—205 and 500—supplement each other. Section 500, applicable to restricted types of real property, gives greater protection than § 205. It restrains the sale for taxes or assessments of specified types of real property except upon leave of court and prescribes for them a specified time within which the right to redeem may be exercised if the property is sold. Section 205

in respect of personal property, money, or credits, or real property owned and occupied for dwelling, professional, business, or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid.

"(2) No sale of such property shall be made to enforce the collection of such tax or assessment, or any proceeding or action for such purpose commenced, except upon leave of court granted upon application made therefor by the collector of taxes or other officer whose duty it is to enforce the collection of taxes or assessments. The court thereupon, unless in its opinion the ability of the person in military service to pay such taxes or assessments is not materially affected by reason of such service, may stay such proceedings or such sale, as provided in this Act, for a period extending not more than six months after the termination of the period of military service of such person."

"(3) When by law such property may be sold or forfeited to enforce the collection of such tax or assessment, such person in military service shall have the right to redeem or commence an action to redeem such property, at any time not later than six months after the termination of such service, but in no case later than six months after the date when this Act ceases to be in force; but this shall not be taken to shorten any period, now or hereafter provided by the laws of any State or Territory for such redemption."

extends in terms to all land and only tolls the time for redemption for the period of military service. The other construction attributes to Congress a purpose to protect only certain classes of real property owned by those in the armed services. We cannot do that without drastically contracting the language of § 205 and closing our eyes to its beneficent purpose. But as we indicated on another occasion, the Act must be read with an eye friendly to those who dropped their affairs to answer their country's call. *Boone* v. *Lightner*, 319 U. S. 561, 575.

*Reversed.*