40 So.2d 82

**PEACE v. BULLOCK.**

**7 Div. 946.**

Supreme Court of Alabama.

April 14, 1949.

Robinson & Parris, of Gadsden, for appellant.

Young & Young, of Anniston, for appellee.

LIVINGSTON, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity to redeem certain described real estate from a mortgage foreclosure sale.

The bill as last amended alleges the due execution of the mortgage by appellant, its foreclosure by the mortgagees, D. M. Bradley and W. M. Bradley, who became the purchasers at the mortgage foreclosure sale had on April 9, 1942, the conveyance of the lands to D. M. Smith on August 10, 1942, and the subsequent sale of the lands to O. H. Bullock, the appellee.

It is further alleged in the bill that complainant was inducted into the Naval Services of the United States of America on March 18, 1943, and was discharged therefrom on October 10, 1945. The bill to redeem was filed on January 22, 1946.

The only question presented by this appeal is whether complainant filed his original bill for the redemption of real estate sold at mortgage foreclosure sale within the time allowed by law.

Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, as amended, 56 Stat. 769, 770, 50 U.S.C.A. Appendix, § 525, provides in part that no portion of the period of military service which occurs after October 6, 1942, shall be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax or assessment. Complainant could have redeemed any time between April 9, 1942, and April 9, 1944. Section 727, Title 7,

156

Code of 1940. The provisions of the Federal Act, with which we are here concerned, became effective during that period—October 6, 1942.

◼ Section 205, supra, as amended October 6, 1942, excludes any part of a person's period of military service occurring after October 6, 1942, from the computation of time provided by any existing or future statute for the redemption of real estate sold under foreclosure. This provision of the federal statute must be regarded as written into our statute of redemption and, in effect, amendatory thereof, by giving additional time for redemption in certain cases. It is not merely directory or permissive; but is imperatively controlling, and automatically extends the period allowed for redemption in all cases coming within its terms. Illinois National Bank v. Gwinn, 390 Ill. 345, 61 N.E.2d 249, 159 A.L.R. 468; LeMaistre v. Leffers, et al., 333 U.S. 1, 68 S.Ct. 371; Day v. Jones, Utah, 187 P.2d 181.

◼ With the period of complainant's military service deducted, the bill to redeem was filed within the statutory time allowed for redemption, and the trial court erred in sustaining the demurrer.

Reversed and remanded.

BROWN, SIMPSON, and STAKELY, JJ., concur.