47 So.2d 777 (1950)
BURKE
v.
O'BRIEN et al.
Supreme Court of Florida, Special Division B.
September 12, 1950.
Lamar Warren, Fort Lauderdale, for appellant.
Ross & Williams, Fort Lauderdale, for appellees.
TAYLOR, Associate Justice.
Plaintiff below, appellant here, owned certain parcels of land in the City of Fort Lauderdale in Broward County. He was inducted into the armed forces of the United States on March 11, 1941 and was continuously in such service until his discharge March 15, 1946.
While plaintiff was in service on July 17, 1941, a tax sale certificate was issued by the County Tax Collector against his property. Predicated on this certificate a tax deed was issued on October 4, 1943.
Municipal tax deeds were issued for nonpayment of municipal taxes under similar conditions. The present litigation involves both the deed issued for nonpayment of county taxes and those issued for nonpayment of municipal taxes. Because the validity of all the deeds are governed by the same principles we will discuss here only the deed issued for nonpayment of county taxes.
In the present suit, instituted April 27, 1948, plaintiff seeks to redeem his land from the tax sale and have the tax deed cancelled as a cloud upon his title. Various irregularities in connection with the issuance of the tax deed are alleged in the bill, but the only question demanding consideration here is the validity of the tax deed when the Soldiers' and Sailors' Civil Relief Act is considered in connection with the Florida Statutes regulating the issuance of tax deeds.
Under our taxing statutes, the failure to pay taxes results in the issuance of a tax sales certificate which the owner has the right to redeem "at any time after such sale and before a tax deed is issued therefor". Sec. 194.02, F.S.A.
The holder of a tax sales certificate under the State statute can apply for a tax *778 deed "at any time after two years * * * from the date of the certificate". Sec. 194.15, F.S.A. A sale of the property is then held by the Clerk of the Circuit Court and it is only after this sale that a deed issues.
Since the Certificate against plaintiff's property was issued July 7, 1941, and the deed executed October 4, 1943, there is no apparent deviation from the State statute.
But the Congress, acting pursuant to its powers to protect the civil interest of those persons subject to military law in the time of war, had, prior to October 4, 1943, enacted the Soldiers' and Sailors' Civil Relief Act which provides:
"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment." 50 U.S.C.A.Appendix, § 525.
As regards the property rights of those persons within the protection of this statute, the state law must yield to the Federal and we should construe the two together just as much so as though the Federal statute were an amendment to the state law.
In determining whether or not the holder of the tax sales certificate against plaintiff's property was within the state law when application was made for a tax deed, the Clerk, to whom application was made, had no authority to include any period of time between October 6, 1942 and March 15, 1946. The only period of time which could lawfully be included in computing the age of the tax sales certificate was from July 7, 1941 to October 6, 1942, a period of one year, two months and twenty-nine days. Two years of time which might be lawfully considered in computing the time within which a tax deed might issue had not elapsed between the date of the certificate and the date of the deed.
The question is thus squarely presented  what is the effect of a tax deed being issued prior to the expiration of the period which the law requires to elapse between the date of the certificate and the issuance of the deed?
The Chancellor held: "As I view the law, the tax deeds were voidable for they were prematurely issued." But this Court has held that tax deeds prematurely issued are void. Neal v. Spooner, 20 Fla. 38. Stewart v. Powell, 158 Fla. 420, 28 So.2d 879. Golden v. Grady, 160 Fla. 348, 34 So.2d 877.
The tax deed being void, it conveyed no title and should be cancelled. As a condition precedent for cancellation of the deed the appellant should be required to pay all taxes paid by the appellees or their predecessors in title, plus interest and penalties under the provisions of Sec. 196.07, F.S.A. The appellant, by his bill, has offered to make such payment upon the amount being ascertained.
Appellees rely strongly upon the decision of the Supreme Court of the United States of the case of LeMaistre v. Leffers, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429. That case however did not involve a consideration of the question presented here. In that case the certificate was more than two years old and the holder had become entitled to a tax deed prior to the date upon which the landowner came under the protection of the quoted provisions of the Soldiers' and Sailors' Civil Relief Act.
The decree entered in the Circuit Court is reversed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.