[Civ. No. 21615. Second Dist., Div. Two. Sept. 25, 1956.]

RAYMOND MARGRAF, Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, and Alfred Charles De Flon, Deputy County Counsel, for Appellants.

Benjamin Chipkin for Respondent.

ASHBURN, J.—Appeal from order granting temporary injunction against tax sale. The central question is the effect of section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940 upon the period of redemption following a sale to the state for nonpayment of local taxes.

Said section 205 (50 U.S.C.A. App. § 525), as amended in 1942, provides: ''The period of military service shall not be included in computing any period now or hereafter to be

limited by any law, regulation, or order for the bringing of any action or proceeding in any court . . . whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment.''

Plaintiff acquired on August 17, 1940, the right of redemption of one Ellen B. Crowder who was owner of the subject property at the time of sale of same to the state in 1933 for nonpayment of local taxes for the year 1926-1927. (Pol. Code, § 3771.) Plaintiff also acquired title, or apparent title, through foreclosure of a street bond, the commissioner's deed being dated September 26, 1939. He entered the military service in 1942 and has remained in the army ever since that time with the exception of a period extending from May 25, 1946 to July 10, 1947. Plaintiff partially redeemed the property under the five year plan (Rev. & Tax. Code Ann., §§ 4216-4226), paying $2,330.70 on March 16, 1946, and $2,471.54 on August 10, 1948, but has been unable to completely redeem. ▇▇▇ Although he furnished to the county tax collector an affidavit showing his inability to pay the balance due because of his current military service that officer gave notice of sale and threatened and intended to sell the said property at public auction on March 28, 1955. His hand was stayed by this suit for declaratory relief and injunction and by the ensuing temporary injunction now under review.

At the time of the sale to the state in 1933, section 3771a, Political Code, provided for sale by the state, and section 3780 said: ''A redemption of the property sold may be made by the owner, or any party in interest, within five years from the date of the sale to the state, or at any time prior to the entry or sale of said land by the state, in the manner provided by section three thousand eight hundred and seventeen.'' Its successor is section 3707, Revenue and Taxation Code: ''If not previously terminated, on completion of any sale under this chapter the right of redemption is terminated.''

Both sides agree that the state statutes afford ''an indefinite right to redeem after deed to the State and prior to disposal of the property by the State''; also that the paramount authority of the federal enactment gives it the effect of an amend-

ment to the local statute. Appellant says: "While the California state statutes provide that the right of termination [redemption] is terminated by sale by the state, such statutes are superseded by conflicting federal statutes. The whole statutory scheme is to be interpreted as if the federal laws were added to the state laws by amendment." The Florida Supreme Court, in *Burke* v. *O'Brien,* 47 So.2d 777, 778, said: "As regards the property rights of those persons within the protection of this statute, the state law must yield to the Federal and we should construe the two together just as much so as though the Federal statute were an amendment to the state law."[1] Accord: *Peace* v. *Bullock,* 242 Ala. 155 [40 So.2d 82, 83]. We consider this to be the correct view. ▪ The effect of it is, first, to preclude a termination of an existing right of redemption so long as the holder thereof is in the armed service, and, second, to modify that portion of the local statute which provides that a sale from the state may be made at any time after deed to the state (Pol. Code, § 3817; Rev. & Tax. Code Ann., §§ 3691, 3694, 3696, 3697),[2] and that such sale, whenever made, effects termination of the right of redemption (Rev. & Tax. Code Ann., § 3707). The deed from the state "conveys title to the purchaser free of all encumbrances of any kind existing before the sale" except certain specified ones (§ 3712), which are not pertinent here.

Appellants contend that the sale may proceed but that it does not actually terminate the redemption period. We cannot adopt that view. It is wholly inconsistent to say that the right of redemption cannot be terminated when the property owner is in the armed service but that a sale, which is specifically designated as the event whereby same is terminated, may be held at any time. ▪ There is no statutory provision for a redemption after sale by the state. As a practical matter such a holding as that invoked by appellant would present numerous problems in effectuating a redemption after returning from the service, problems as to amount to be paid, rate of interest, etc. Moreover it would be calculated to mislead any purchaser at the collector's sale for the deed recites (per Rev. & Tax. Code Ann., § 3710): "That the real

---

[1]This case is later than the Florida decision reviewed in *Le Maistre* v. *Leffers, infra.*

[2]The matter of resale by the state is governed by the statute in effect at that time. (*Anglo Calif. Nat. Bank* v. *Leland,* 9 Cal.2d 347, 353 [70 P.2d 937]; *Mercury Herald Co.* v. *Moore,* 22 Cal.2d 269, 274 [138 P.2d 673, 147 A.L.R. 1111].)

property was duly sold and conveyed to the State for non-payment of taxes which had been legally levied and were a lien on the property; . . . That the property is therefore conveyed to the purchaser according to law.'' Section 3711: ''Except as against actual fraud, the deed duly acknowledged or proved is conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed, both inclusive.'' Such a sale and deed would inevitably precipitate future litigation. If appellants' view be adopted, a prospective purchaser cannot know, unless he makes a previous investigation of the status of all potential redemptioners, whether he will get the kind of title which the state's deed professes to convey. If the statute be construed to permit a sale but to defer the termination of the right of redemption indefinitely in the case of an active military redemptioner, the purchaser would be fortunate to obtain a title insurance policy or to otherwise clear his title without the necessity of a quiet title action.

The cited case of *Day* v. *Jones,* 112 Utah 286 [187 P.2d 181], is not opposed to the foregoing views. Under the Utah statute the resale by the county is not the event which terminates the redemption period; it expires automatically before the resale can be had. Moreover, the court affirmed the judgment in favor of plaintiff, the serviceman, because the sale to defendant had been made before the redemption period, as extended by the Civil Relief Act, had terminated.

Both sides rely upon *Le Maistre* v. *Leffers,* 333 U.S. 1 [68 S.Ct. 371, 92 L.Ed. 429]. Its holding is with respondent although some of its language is a bit obscure. It arose under the Florida statute which provided for public sale of tax delinquent land and issuance of a tax certificate to the purchaser (not the state); at any time after two years from the date of the certificate the holder had the right to apply for a tax deed, whereupon another public sale was had and tax deed issued. The owner had a right to redeem at any time after issuance of the certificate and before the tax deed had been issued. Pursuant to this statute a certificate was issued on August 5, 1940, after sale of Le Maistre's land. He entered the navy on August 18, 1942, and there remained until December 18, 1945, when he was discharged. The amendment to section 205 of the federal act (which covers the matter of enlarged redemption period) was made on October 6, 1942. Tax deed to petitioner's land issued on March 1, 1943 and suit to set aside the deed was filed by him on March 25,

1946. Under state law his right of redemption extended from August 5, 1940 (date of certificate) to March 1, 1943 (date of tax deed). The court held that petitioner Le Maistre became an immediate beneficiary of the federal statute when it became effective on October 6, 1942. Then it said, on page 3: "That means that the running of the time granted him under Florida law to redeem was tolled as long as he was in the military service. Since he would have had from October 6, 1942, to March 1, 1943, to redeem, the effect of the Act was to give him the same length of time after his discharge for that purpose. His present action being timely, there is thus no barrier to his recovery so far as the Act is concerned." The first sentence is clear and it squares with the statute; it recognizes a tolling, or addition to the redemption period, equal to the lapse of time between October 6, 1942 (effective date of statute) and December 18, 1945 (discharge from service). The second sentence of the quotation seems to limit the additional period to one equaling the elapsed time from October 6, 1942 to March 1, 1943 (date of the tax deed). This is difficult to understand, but, as the court found petitioner's action to be timely on that basis, it appears not to be of controlling significance. The state court had dismissed Le Maistre's suit to set aside the tax deed and the Supreme Court of the United States reversed that ruling. That can spell only one thing, a void deed. It does not imply, as appellant's counsel contends, a recognition of a right to hold the second sale or to make the tax deed. The holding in the case requires an affirmance of the order involved in this appeal.

Arguments based upon section 500 of the act (50 U.S.C.A. App. § 560)[3] require but brief mention, for they are definitely covered by the Le Maistre case. Plaintiff at bar never occupied the land in question "for dwelling, professional, business or agricultural purposes." The Le Maistre opinion says, at page 5: "The two §§—205 and 500—supplement each other. Section 500, applicable to restricted types of real

---

[3] § 560. "(1) The provisions of this section shall apply when any taxes or assessments, whether general or special (other than taxes on income), whether falling due prior to or during the period of military service, in respect of personal property, money, or credits, or real property owned and occupied for dwelling, professional, business, or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid.

"(2) No sale of such property shall be made to enforce the collection of such tax or assessment, or any proceeding or action for such purpose commenced, except upon leave of court granted upon application made

property, gives greater protection than section 205. It restrains the sale for taxes or assessments of specified types of real property except upon leave of court and prescribes for them a specified time within which the right to redeem may be exercised if the property is sold. Section 205 extends in terms to all land and only tolls the time for redemption for the period of military service. The other construction attributes to Congress a purpose to protect only certain classes of real property owned by those in the armed services. We cannot do that without drastically contracting the language of section 205 and closing our eyes to its beneficent purpose. But as we indicated on another occasion, the Act must be read with an eye friendly to those who dropped their affairs to answer their country's call.''

 There was no error in granting the temporary injunction. Order affirmed.

Moore, P. J., and Fox, J., concurred.

---

therefor by the collector of taxes or other officer whose duty it is to enforce the collection of taxes or assessments. The court thereupon, unless in its opinion the ability of the person in military service to pay such taxes or assessments is not materially affected by reason of such service, may stay such proceedings or such sale, as provided in this Act [sections 501-540 and 560-590 of this Appendix], for a period extending not more than six months after the termination of the period of military service of such person.

''(3) When by law such property may be sold or forfeited to enforce the collection of such tax or assessment, such person in military service shall have the right to redeem or commence an action to redeem such property, at any time not later than six months after the termination of such service, but in no case later than six months after the date when this Act [said sections] ceases to be in force; but this shall not be taken to shorten any period, now or hereafter provided by the laws of any State or Territory for such redemption.

''(4) Whenever any tax or assessment shall not be paid when due, such tax or assessment due and unpaid shall bear interest until paid at the rate of 6 per centum per annum, and no other penalty or interest shall be incurred by reason of such nonpayment. Any lien for such unpaid taxes or assessment shall also include such interest thereon.''