SACK, Justice.
This is an interlocutory appeal from an order denying appellants’ motion to dismiss a complaint seeking to annul and set aside a tax deed on appellee’s property.
The chronology of events, is as follows: (a) in 1937 a tax certificate was issued upon the property in question; (b) in 1942 the plaintiff (appellee) became the owner of the property; (c) on December 20, 1942, the plaintiff entered the Armed Service of the United States and served until his discharge on December 20, 1945; (d) on June 4, 1945, while plaintiff was overseas, the Clerk issued a tax deed, based on the 1937 certificate, to Oscar Lee Headley and Harry Leon Headley; and (e) on July 23, 1959, Harry Leon Headley, joined by his wife, quitclaimed his interest to the defendants, who are appellants here.
Appellants contend, on these facts, that the tax deed was properly issued, while the appellee asserts that the tax deed was prematurely issued, and therefore void, in view of the provisions of the Soldiers’ and Sailors’ Civil Relief Act, 50 U.S.C.A.App. § 525. The applicable portion of this Act is as follows:
“STATUTES OF LIMITATIONS AS AFFECTED BY PERIOD OF SERVICE.
The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued' prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers’ and Sailors’ Civil Relief Act Amendments of 1942 (Oct. 6, 1942) he included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment. Oct. 17, 1940, c. 888, § 205, 54 Stat. 1181; Oct. 6, 1942, c. 581, § 5, 56-Stat. 770.” (Italics supplied.)
Section 194.02, Florida Statutes, F.S.A.,. permits the redemption of a tax certificate at any time before a tax deed is issued. The statutory provisions in effect covering 1937 certificates provided for the issuance of a tax deed after publication of notice by the Clerk at least thirty days previous to-the date of the proposed issuance of the deed and the mailing of notice of application to the owner. Comp.Gen.Laws 1927, § 1000.
The words, “any period now or hereafter provided by any law for the redemption of real property”, appearing in 50 U.S.C.A.App. § 525, necessarily includes- *32 the thirty days period during which the advertisement would be running.
It is clear then that at the time of the first advertisement the appellee was entitled to redeem during the following thirty days, and, in our reading of the quoted provisions of the Soldiers’ and Sailors’ Civil Relief Act, such time of redemption would then be tolled, at least during the period of his service and, under Le Maistre v. Leffers, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429 (1947), for a period of time thereafter equivalent to the period of service. The tax deed was, therefore, prematurely issued, since no effective advertisement could be run during the period of military service.
Appellant argues that the appellee was discharged on December 20, 1945, and therefore, the period of military service being tolled appellee could have redeemed or brought an action to redeem at any time to and including the 21st day of December, 1948, which was the equivalent of the three year period of military service, but since suit was not filed until June 3, 1965, it was not timely brought. From what we have said, this contention cannot prevail. The tax deed having been prematurely issued, it was not voidable, but void. Burke v. O’Brien, 47 So.2d 777 (Fla.1950); Mirabella v. Kickliter, 113 So.2d 397 (Fla.App.1959), both involving the application of the Soldiers’ and Sailors’ Civil Relief Act to tax deeds.
Accordingly the order below is affirmed.
RAWLS, C. J., concurs.
JOHNSON, J., concurs specially.