RAWLS, Chief Judge.
Appellant Moorman appeals from a summary final decree quieting the title to certain lands in the appellees. Two questions are presented, viz.: (1) The validity of a tax deed issued in 1945; and (2) The sufficiency of proof of adverse possession by appellees.
We will first consider the tax deed. A tax certificate was issued August 2, 1937 describing the land in controversy. In October of 1942, Moorman entered the armed services and in December of the same year he completed purchase of the land at which time same was conveyed to him. On June 4, 1945, while Moorman was in the armed services, a tax deed based upon the 1937 tax certificate was issued to appellees’ predecessor in title. The chancellor held that the tax deed “ * * * is hereby declared to be a good and sufficient tax deed.”
I As to the validity of the tax deed, appellant contends that the Soldiers’ and Sailors’ Civil Relief Act tolled the running of time allowed him by Florida law for the redemption of his property so long as he was in the military service. He then reasons that since the period for redemption was tolled, the issuance of the tax deed was premature and therefore void.
In Headley v. Moorman, 192 So.2d 30, this court in reviewing the same factual situation concluded by reason of the Soldiers’ and Sailors’ Civil Relief Act that the tax deed was prematurely issued and therefore void upon the authority of LeMaistre v. Leffers, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429 (1947), Burke v. O’Brien, 47 So.2d 777 (Fla.1950) and Mirabella v. Kickliter, 113 So.2d 397 (Fla.App.2d, 1959). The same conclusion is reached in the instant cause.
The chancellor found in his summary final decree that “ * * * the possession and occupation of plaintiffs and their predecessors in title is now and at all time heretofore has been exclusive, open, notorious, adverse, unbroken, uninterrupted and. *321 hostile to the whole world since the 4th day of June, A.D. 1945, * * * ” From the record before us, we are unable to understand how the chancellor reached such a conclusion. Appellees-plaintiffs filed their verified petition alleging sundry facts to establish a claim of adverse possession. Appellant-defendant in his answer denied the material allegations. No proof was adduced by plaintiffs in support of their pleas pertaining to adverse possession. Issue was joined as to this question, and it was error to dispose of same in a summary proceeding. Therefore, the cause is reversed for further proceedings.
Reversed.
JOHNSON and SACK, JJ. concur.