ERVIN, Justice.
We review through conflict-certiorari the decision of the District Court of Appeal, First District, in Moorman v. Thomas, 192 So.2d 320.
It appears from the opinion of the District Court that Respondent Charles E. Moorman entered the armed services in October, 1942. In December of that year he completed purchase of the land in controversy. On June 4, 1945, while Moorman was in the armed services, a tax deed on said land based upon a 1937 tax certificate was issued to the predecessor in title of the Thomases, Petitioners here.
In their appeal to the District Court from a final decree quieting title to said land in the Thomases, the Moormans questioned the validity of the tax deed issued in 1945. They contended the Soldiers’ and Sailors’ Civil Relief Act (50 U.S.C.A.App. § 525) tolled the running of time allowed Charles E. Moorman by Florida law for the redemption of his property so long as he was-yi the military service. They reasoned that since the period of redemption was tolled the said tax deed issued during the tolled period was premature and therefore void.
The District ' Court agreed with the Moorman’s contention and reversed. In reversing, it said:
“[1] In Headley v. Moorman, [Fla. App.,] 192 So.2d 30, this court in reviewing the same factual situation concluded by reason of the Soldiers’ and Sailors’ Civil Relief Act that the tax deed was prematurely issued and therefore void upon the authority of LeMaistre v. Leffers, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429 (1947); Burke v. O’Brien, 47 So.2d 777 (Fla.1950) and Mirabella v. Kickliter, 113 So.2d 397 (Fla.App.2d, 1959). The same conclusion is reached in the instant cause.”
We believe the decision of the District Court conflicts with LeMaistre v. Leffers, Fla.1948, 34 So.2d 434, a decision entered by *721 our Court pursuant to reversal mandate and remand of that case by the Supreme Court of the United States in LeMaistre v. Leffers, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429.
In the LeMaistre case it appears a tax certificate was issued August 5, 1940 upon land owned by LeMaistre. LeMaistre entered the service on August 18, 1942, two years and 13 days after the tax certificate was issued. The Soldiers’ and Sailors’ Civil Relief Act went into effect October 6, 1942. The Tax deed in the LeMaistre case was issued March 1, 1943. LeMaistre was discharged from military service on December 18, 1945.
The Supreme Court of the United States, in LeMaistre, said:
“Petitioner owned land in Florida on which taxes became delinquent April 1, 1940. Under Florida statutory procedure the tax collector after notice sells the land at public sale and issues a tax certificate to the purchaser. At any time after two years from the date of the certificate the holder thereof may apply for a tax deed. Notice is given, a public sale is had, and a tax deed is issued. The owner may redeem the land at anytime after issuance of the certificate and before issuance of the tax deed.
“In accordance with this procedure a tax certificate on petitioner’s lands was issued August 5, 1940. Petitioner was on active duty in the Navy from August 18, 1942, until his discharge on December 18, 1945. Application for a tax deed was made by one Con rod in January, 1943, and the deed issued to him on March 1, 1943. It is through him that respondents claim by mesne conveyances.
“Petitioner filed this suit in equity on March 25, 1946, seeking to set aside the tax deed by reason of § 205 of the Soldiers’ and Sailors Civil Relief Act. The Florida Supreme Court affirmed a judgment denying the relief, Fla., 31 So. 2d 155, on the authority of its earlier decision in De Loach v. Calihan, [158] Fla. [639], 30 So.2d 910. The case is here on a petition for a writ of certiorari which we granted because the construction given to the federal Act seemed to us not only a dubious one but also at variance with Illinois Nat. Bank of Springfield v. Gwinn, 390 Ill. 345, 61 N.E.2d 249, 159 A.L.R. 468.
“Under Florida law petitioner con-cededly could have redeemed any time between August 5, 1940, when the certificate was issued, and March 1, 1943, when the tax deed was issued. The provision of the federal Act with which we are here concerned became effective during that period — October 6, 1942. At that time petitioner was in the Navy and at once became a beneficiary of it. That means that the running of the time granted him under Florida law to redeem was tolled as long as he was in the military service. Since he would have had from October 6, 1942, to March 1, 1943, to redeem, the effect of the Act was to give him the same length of time after his discharge for that .purpose. His present action is timely, there is thus no barrier to his recovery so far as the Act is concerned.” (68 S.Ct. at 372)
* * * * * *
“ * * * Section 205 extends in terms to all land and only tolls the time for redemption for the period of military service. * * *” (at 373)
LeMaistre was entitled by said Act as so construed to redeem at any time he was in military service. In addition, he was entitled after his discharge from military service to redeem during a period of time equal to the period extending from the date said Act became effective (October 6, 1942) and the time Florida law allowed him to redeem before the tax deed issued, which was March 1, 1943. Florida law permits redemption at any time prior to the issuance of a tax deed.
In the LeMaistre case it appears Le-Maistre timely brought suit to be permitted *722 to redeem and set aside the tax deed involved in the controversy. He was discharged from military service on December 18, 1945 and started his suit on March 25, 1946, well within the period of four months and 25 days which equals the time between October 6, 1942 and March 1, 1943. referred to in the preceding paragraph.
The District Court in the instant cáse accepts the Moormans’ contention that the tax deed in controversy, which it recites was issued June 4, 1945, is void because it was prematurely issued during the time Moorman was entitled to redeem under said Act. But as we understand the Le-Maistre decision of the United States Supreme Court, Moorman, who was discharged on December 20, 1945 would have had two years and seven months and 29 days thereafter to redeem, or until August 17, 1948.
There is nothing in the language of the District Court of Appeal or in the record to show that the Moormans brought any suit to redeem and set aside the tax deed prior to August 17, 1948. In fact, the record reflects no such action by the Moor-mans claiming that the tax deed is void by virtue of the provisions of the Relief Act until they interposed it in their counterclaim to the Thomas’ suit in 1964 — fifteen years beyond the time to redeem prescribed by said Act.
We do not believe Florida tax laws relating to the taxation of real property, including provisions for the collection and enforcement of such taxes through issuance of tax certificates and tax deeds, should be construed to have been suspended by the Soldiers’ and Sailors’ Civil Relief Act and thus render void the advertising for and issuance of tax certificates and tax deeds during the periods relief is extended by said Act to soldiers and sailors. As we understand such laws and the holding of the Supreme Court of the United States in LeMaistre, tax certificates and deeds are rendered voidable during the relief periods within which redemption can be made under the Soldiers’ and Sailors’ Civil Relief Act, but such instruments are not rendered void ab initio merely because they are issued during said periods. The Supreme Court of the United States in' LeMaistre gave careful consideration to Florida tax laws relating to the issuance and redemption of tax certificates and deeds and construed them in connection with the Soldiers’ and Sailors’ Civil Relief Act but did not give them the construction applied by the District Court. The essential purpose of the Relief Act is merely to toll the time of redemption during the relief periods allowed because of military service— not to disrupt all orderly tax enforcement and forfeiture processes by invalidating tax instruments resulting therefrom.
All appellate decisions of our state conflicting with this decision are receded from or are overruled and in particular Burke v. O’Brien, Fla.1950, 47 So.2d 777. The last cited case is in irreconcilable conflict herewith and unquestionably was the controlling precedent for the District Court’s decision herein.
Our decision in this case adopts the construction of the Federal Court concerning the application of the Soldiers’ and Sailors’ Civil Relief Act in situations arising from military service in World War II. The application of said Act to situations arising from military service in hostilities subsequent to World War II is not necessarily governed by this decision.
The decision of the District Court is quashed with direction that further proceedings be in accord with our opinion and judgment herein.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.