Elias **RODRIGUEZ**, Plaintiff,

v.

**WESTHAB, INC.**, Defendant.

No. 93 Civ 5484 (CLB/VLB).

United States District Court,
S.D. New York.

Oct. 15, 1993.

Robert F. Graziano, Westchester/Putnam Legal Services, White Plains, NY, for plaintiff.

Ellen M. Mello, Cuddy & Feder, White Plains, NY, for defendant.

## MEMORANDUM

VINCENT L. BRODERICK, District Judge.

### I

This case involves the proper treatment of an eviction dispute where a resident seeks to interpose federal defenses.[1] Plaintiff Elias Rodriguez ("Rodriguez"), ordered evicted by the Yonkers City Court, filed suit in this court seeking to enjoin the eviction on grounds of violation of the Fair Housing Act, 42 U.S.C. § 3604, Rehabilitation Act, 29 U.S.C. § 794, and Americans With Disabilities Act, 42 U.S.C. § 12181.

Since state trial and appellate courts in which eviction controversies are pending have, pursuant to the Supremacy Clause of the Federal Constitution, the jurisdiction and authority to rule upon federal defenses, it is unnecessary and premature for this court to consider the same issues in the guise of affirmative suits once state court proceedings have been initiated. Dismissal of the federal case without prejudice is thus appropriate.

### II

Rodriguez is a resident at premises maintained by Westhab, Inc. ("Westhab"), an organization which furnishes emergency accommodations to persons in need of them pursuant to licenses covering temporary occupan-

---

**1.** This matter came before me for hearing on August 6, 1993 pursuant to an order to show cause in the absence of Judge Charles L. Brieant of this court.

cy. Westhab experienced difficulties with Rodriguez' behavior, involving such events as overflowing bathroom facilities, food placed in toilets, unauthorized entry into portions of the premises contrary to the need of others for privacy, threats to other occupants and the like. Rodriguez agreed to refrain from various types of objectionable behavior including vandalism of property, but thereafter knocked down the door to his apartment when unable to open it with his key. Whether this was unintentional or irresponsible is disputed.

On March 12, 1993 Westhab commenced a summary eviction proceeding in Yonkers City Court, Index No SP1321–93. That court refused to consider federal defenses under the Fair Housing Act, 42 U.S.C. § 3604, Rehabilitation Act, 29 U.S.C. § 794, and Americans With Disabilities Act, 42 U.S.C. § 12181. In response, Rodriguez brought this action basing jurisdiction on 28 U.S.C. § 1331 and the cited federal statutes.

■ Because the state courts are obligated to consider federal defenses under the Supremacy Clause, the proper remedy for Rodriguez is to appeal the City Court's ruling and ask the state appellate court to rule on such federal defenses, or to direct the City Court to rule on those defenses. I have every confidence that the appellate court will do one or the other, because of the Constitutional mandate and because the factual issues raised by the federal defenses can be most efficiently considered as part of the eviction proceeding rather than in a duplicative fact-finding proceeding involving two different court systems in potential collision. See Fed.R.Civ.P. 1, sentence 2 and proposed 1993 amendments; Judicial Improvements Act of 1990, Pub.Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. § 473.

### III

■ The parties appear to be in agreement on the factual criteria for evaluation of the federal defenses to eviction asserted here. An "otherwise qualified person" under the Rehabilitation Act must be able to meet all of a program's requirements in spite of any handicap; if he does he may not be discriminated against because of the handicap. See *Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).

■ Similarly, the Disabilities Act and the Fair Housing Act bar discrimination because of disability, but they do not bar eviction or other declination to deal with a person because of that person's inability to meet reasonable requirements of a provider (regardless of cause of such inability). 42 U.S.C. § 12182; 42 U.S.C. § 3604(f)(1)(A).

■ These statutes are intended to bar invidious discrimination. They are not intended to make it impossible for institutions such as Westhab to function effectively, or to prevent them from being in a position to provide quality service to other persons, or to prevent them from avoiding events threatening injury to others.[2] If Rodriguez' alleged objectionable behavior did not occur, or if it poses no serious problem to Westhab or its other residents, or if it has abated, or if it can reasonably be accommodated without harm to the functioning of Westhab, his eviction may be subject to challenge, assuming (as seems probable) that one or more criteria for coverage under one or more of the cited statutes are met.

### IV

The Supremacy Clause, Article VI, cl. 2 of the Constitution of the United States, provides:

This Constitution, and the laws of the United States which shall be made in pursuance thereof ... shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding.

■ While Congress has given federal courts exclusive jurisdiction over affirmative lawsuits under some federal statutes, it has never removed the power and responsibility of state courts to consider federal defenses. A federal defense, if valid, constitutes a pro-

**2.** See *Traynor v. Turnage*, 485 U.S. 535, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988); Civil Rights Restoration Act § 9, Pub.Law 100–259, amending 29 U.S.C. § 706(8) by adding a new subsection (C).

hibition of the act to which the defense pertains. For a state or federal court to issue an order contrary to a valid federal defense would be a violation of federal law. One of the most widely relevant federal defenses applicable in cases brought in state court under state law is the Soldiers and Sailors Civil Relief Act, 50 U.S.C.App. § 520; see *Le Maistre v. Leffers*, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429 (1948); *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943); Chandler, "The Impact of a Request for a Stay of Proceedings Under the Soldiers and Sailors Civil Relief Act," 102 Mil.L.Rev. 169 (1983); Donough et al., "Crisis of the Soldiers and Sailors Civil Relief Act: A Call for the Ghost of Major (Professor) John Wigmore," 43 Mercer L.Rev. 667 (Winter 1992). Where federal law is applicable, its application is mandatory in all courts, state or federal. *Testa v. Katt*, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947).

■ The intent of the Supremacy Clause to empower and call on the state judiciary to apply federal law where relevant to cases before state courts is emphasized in *The Federalist* No. 44 (Madison), expressing concern that without the Clause "it might happen that a ... national law, of great and equal importance to the States ... would consequently be valid in some of the States, at the same time that it would have no effect in others." This observation remains timely because state courts continue to be invested with broad powers to consider affirmative suits under federal statutes in many cases, and generally may do so unless specifically precluded,[3] as well as being permitted and required to consider federal defenses in all cases to which they apply.

*The Federalist* No. 82 (Hamilton) explains that when we "consider the State governments, and the national government, as they truly are ... as parts of ONE WHOLE, the inference seems to be conclusive, that the State courts would have a concurrent jurisdiction in all cases arising under the laws of the Union, where it was not expressly pro-

hibited." No prohibition of consideration of federal defenses has been found.

■ Even if a local court ruling upon eviction applications were characterized as a quasi-administrative agency notwithstanding its title, it too would be obligated to obey and hence to consider federal law. See *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); Note, 90 Harv.L.Rev. 1682 (1977).

## V

■ *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), calls on all tribunals to give precedence to the Constitution of the United States, including the Supremacy Clause of Article VI, cl. 2, in making their decisions. The principle set forth in *Marbury* was applied by but is hardly limited to the duties of the Supreme Court of the United States. It applies equally to that Court, the United States district courts, the Yonkers City Court and the state appellate courts.

■ Should a local court erroneously decline to entertain federal defenses contrary to the Supremacy Clause, reconsideration on its part or consideration of the defense by whatever state court hears appeals from decisions of the local court would be the proper remedy. Collateral interference by a United States district court pursuant to a separate lawsuit involving whether a state court order should be implemented would be improper under the Anti–Injunction Act (28 U.S.C. § 2283) where a state proceeding dealing with the same subject matter has commenced, unless such interference was expressly authorized by federal statute, where necessary in aid of its jurisdiction or to protect or effectuate its judgments.

■ Once the state court adjudicates the case, direct appeal, culminating if necessary in an application for review to the Supreme Court of the United States pursuant to 28 U.S.C. § 1257, is the appropriate avenue for correcting any errors. Full faith and credit must be given to such state judgments

---

**3.** See *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Yellow Freight System v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990); *Tafflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).

under 28 U.S.C. § 1738. If procedural barriers are improperly interposed preventing certain issues from being raised, correction by the state appellate courts and if necessary a petition to the Supreme Court of the United States for *certiorari* under 28 U.S.C. § 1257, rather than a collateral suit in United States district court, is the available recourse. See *Friarton Estates Corp. v. City of New York*, 681 F.2d 150 (2d Cir.1982).

### VI

Westhab agreed to delay implementing Rodriguez' eviction to permit Rodriguez to appeal the eviction decision and to seek a stay pending appeal if available pursuant to applicable state procedure under the circumstances of this case.

### VII

The present case in this court having been dismissed without prejudice at the hearing held on August 6, 1993, the Clerk is directed to close it.

SO ORDERED.