Robert BARBIERI, Plaintiff,

v.

HARTSDALE POST OFFICE, Defendant.

No. 94 Civ 2891 (VLB).

United States District Court,
S.D. New York.

Sept. 12, 1994.

Robert Barbieri, pro se.

Marianne T. O'Toole, Asst. U.S. Atty., New York City, for U.S.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

#### I

■ In this case the United States Postal Service erroneously postmarked an envelope containing a Town of Yorktown school tax return one day beyond the deadline for filing, leading the Town to impose a penalty on the plaintiff. By memorandum order dated July 5, 1994, *Barbieri v. Hartsdale Post Office*, 856 F.Supp. 817 (S.D.N.Y.1994), I held that a claim against the United States for injunctive relief might be pursued.

The United States Postal Service has voluntarily acknowledged its error in writing and notified the Town of the mistake, thereby discharging its duties in the situation. But the Town, citing New York State Comptroller Opinion 81–264, insists that the original erroneous postmark once affixed to the envelope containing the tax return is the only operative one and that the penalty cannot be withdrawn even when the Postal Service has certified that the original postmark was erroneous.

#### II

■ The Postal Service has done all that can properly be demanded of it. Under federal law, a postmark is treated as conclusive evidence of the time of mailing, but it is subject to correction by the Postal Service. See *Wiese v. Comm'r*, 70 T.C. 712, 1978 WL 3413 (1978); *Harrison v. Comm'r*, TC Memo 1990–458, 1990 WL 124526 (US Tax Court 8/27/90).

■ The New York State Comptroller's opinion ignores the ability of the Postal Service to correct its mistakes, contrary to the Supremacy Clause of the Constitution of the United States (Article VI, § 2). State agencies and tribunals are authorized and indeed required to give effect to federal laws, and actions properly taken under them. See *Testa v. Katt*, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947); *Le Maistre v. Leffers*, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429 (1948); *The Federalist No. 44* (Madison), *No. 82* (Hamilton); *Rodriguez v. Westhab*, 833 F.Supp. 425 (S.D.N.Y.1993). The Supremacy Clause is applicable to state or local taxation. *Dept. of Employment v. United States*, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966).

The United States Postal Service functions under Title 39 of the United States Code. Its ability to correct its mistakes is important to fulfillment of its objectives, and to continued public confidence in the Service.

■ Any state or local action which constitutes "interference with policies implicated by the structure" of federal laws may be preempted, at least unless significant countervailing local interests exist. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 749, 105 S.Ct. 2380, 2394, 85 L.Ed.2d 728 (1985). Local actions which "undercut" federal law cannot be sustained. *Ft. Halifax Packing Co v. Coyne*, 482 U.S. 1, 20, 107 S.Ct. 2211, 2222, 96 L.Ed.2d 1 (1987). State or local action which interferes with the ability of federal agencies effectively to correct their own mistakes is preempted. See *Moe v. Confederated Salish & Kootenai Tribes*, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976) (involving taxation).

■ The Fourteenth Amendment's guarantees of due process and equal protection apply to state or local taxation. *Allegheny Pittsburgh Coal Co. v. Webster County*, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989). Inability to question the validity of a tax because an erroneous document is deemed final runs afoul of due process requirements applicable to such taxation. See *Winona Land Co v. Minnesota*, 159 U.S. 526, 537, 16 S.Ct. 83, 87, 40 L.Ed. 247 (1895).

This principle is in accord with a longstanding basic concept that there must be at least some significant evidence to support imposition of a penalty by a sovereign against a person. *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

#### III

■ Direct federal judicial relief against state or local taxation is only permissible

where no "plain, speedy and efficient" state remedy is available. 28 U.S.C. § 1341; see *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). Here, state judicial remedies appear to be available. See *Crist v. Town Court,* 156 F.R.D. 85 (S.D.N.Y.1994).

## IV

Because of the Postal Service's correction of its error, the currently pending case against the United States is dismissed as moot; the clerk is directed to close this case.