Huston v. Martins                    CV-92-30-SD    09/27/95

UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Roland E. Huston, Jr.

      v.                                      Civil No. 92-30-SD

Germano M. Martins;
Joseph C. Krolikowski


                            O R D E R


     Pro se plaintiff Roland E. Huston, Jr., brought this civil
rights action under 42 U.S.C. § 1983 against defendants Germano
M. Martins and Joseph C. Krolikowski for alleged due process
violations in connection with defendants' purported attempts to
enforce certain child-support orders.[*]


                          Background

     In a Report and Recommendation (R&R) dated May 26, 1992,
then-Magistrate Judge Barry recommended the dismissal of
plaintiff's complaint prior to service upon defendants for
reasons of, among others, comity and federalism.  Plaintiff filed

---

     [*]Defendant Martins was at the time of the complaint a
support enforcement officer with the Nashua, New Hampshire,
District Office of the New Hampshire Department of Health and
Human Services.  Defendant Krolikowski is allegedly plaintiff's
ex-wife's legal counsel.

a timely objection to the R&R.

By order dated July 14, 1992, this court, after performing the de novo review necessitated by 28 U.S.C. § 636(b)(1)(C), issued the following ruling:

> On condition that:
> (1) by August 13, 1992, the plaintiff file (with proof of service on opposing counsel) a pleading entitled "Status of Proceedings in State Courts" detailing the nature of all pending state court proceedings and the anticipated date of their hearings, and
> (2) furnish the court (with proof of service on opposing counsel) with a status report on said state court proceedings every sixty (60) days thereafter,
> (3) the court will abstain from further proceedings in this action pending completion of the proceedings in state court.

Order of July 14, 1992, at 2.

During the course of plaintiff's state court proceedings, the state abandoned the system of contacting alleged delinquent child support obligors implicated by the complaint herein. As such, the New Hampshire Supreme Court dismissed as moot plaintiff's appeal regarding the old system, but allowed plaintiff to initiate a proceeding challenging the "new" system. See Huston v. Martins, Civ. No. 92-654, slip op. at 1 (N.H. June 16, 1993). Plaintiff did so, but that court ultimately declined to hear his appeal. See Plaintiff's Report of 8-13-94 on Status of Proceedings in the State Courts at 1. With the denial of said appeal, it appears from the record that

2

plaintiff's state court proceedings are either exhausted or terminated. Accordingly, the court herewith resumes its inquiry into the May 26, 1992, R&R.

## Discussion

"The power of the district court to reconsider a matter so decided by the magistrate judge is limited to those circumstances 'where it has been shown that the magistrate's order is *clearly erroneous or contrary to law*.'" Rubin v. Smith, 882 F. Supp. 212, 215 (D.N.H. 1995) (quoting 28 U.S.C. § 636(b)(1)(A)) (other citations omitted). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Plaintiff alleges that defendants' conduct violated his due process rights.

> "Due process, which may be said to mean fair procedure, is not a fixed or rigid concept, but, rather, is a flexible standard which varies depending upon the nature of the interest affected, and the circumstances of the deprivation." Gorman v. University of R.I., 837 F.2d 7, 12 (1st Cir. 1988). See also Morrissey v. Brewer, 408 U.S. [471], 481 [(1971)] ("due process is flexible and calls for such procedural protections as the particular situation demands").

3

<u>Silva v. University of N.H.</u>, 888 F. Supp. 293, 318 (D.N.H. 1994).
Moreover,

> Due process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" [<u>Cleveland Bd. of Educ. v.</u>] <u>Loudermill</u>, 470 U.S. [532,] 542 [(1985)] (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 313 (1950)); <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965) (due process requires that a plaintiff receive adequate notice and an opportunity to be heard "at a meaningful time and in a meaningful manner"). "The hearing, to be fair in the due process sense, implies that the person adversely affected was afforded the opportunity to respond, explain, and defend. Whether the hearing was fair depends upon the nature of the interest affected and all of the circumstances of the particular case." <u>Gorman</u>, <u>supra</u>, 837 F.2d at 13.

<u>Id.</u>

The magistrate judge found no due process violation as a result of defendants' actions because "the complainant received notice of the [child support order] violations and was afforded an opportunity to be heard." R&R at 3 n.*. The court, having considered the R&R, plaintiff's objection, and defendant Martin's response thereto, finds and rules that the magistrate judge's order was neither "clearly erroneous" nor "contrary to law". Accordingly, the court herewith approves the May 26, 1992, R&R dismissing plaintiff's complaint in its entirety.

4

## Conclusion

For the reasons set forth herein, and upon due consideration of the objection filed, the court herewith approves the Report & Recommendation of Magistrate Judge William H. Barry, Jr., dated May 26, 1992. Plaintiff's Complaint is herewith dismissed in its entirety.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

September 26, 1995

cc:  Roland E. Huston, Jr., pro se
     William C. McCallum, Esq.
     Gary Casinghino, Esq.

5